MINNIE SANDLER, Respondent, *v.* LINDLEY M. GARRISON, as Receiver of the NEW YORK CONSOLIDATED RAILROAD COMPANY, Appellant.

(Argued October 9, 1928; decided November 20, 1928.)

*Harold L. Warner* and *George D. Yeomans* for appellant. Upon the circumstances disclosed by the evidence the rule of *res ipsa loquitur* cannot properly be invoked to raise a presumption of negligence on the part of the defendant. (*Wolf* v. *American Tract Society*, 164 N. Y. 30; *Stremble* v. *B. H. R. R. Co.*, 110 App. Div. 231; *Wetsell* v. *Reilly*, 159 App. Div. 688; *White* v. *Lehigh Valley R. R. Co.*, 220 N. Y. 131; *Moscato* v. *Prince Line, Ltd.*, 164 App. Div. 412; *Searles* v. *Manhattan Railway Co.*, 101 N. Y. 661; *Duhme* v. *Hamburg American Packet Co.*, 184 N. Y. 409; *Robinson* v. *New York Consolidated Gas Co.*, 194 N. Y. 37.)

*Nathan B. L. Cosel* for respondent. The law governing the instant case clearly confirms the jury's findings. (*Marceau* v. *Rutland R. R. Co.*, 211 N. Y. 208; *Hogan* v. *Manhattan Ry. Co.*, 149 N. Y. 23.)

KELLOGG, J. This action was brought to recover damages for personal injuries alleged to have been sus-

tained through the negligence of the defendant. The plaintiff, in support of her charge of negligence, gave no further proof than as follows: She was standing on a sidewalk in a public street nearby an elevated railway structure, maintained in the street by the defendant. A train was passing upon the structure, when a metal object struck the plaintiff on the head. The object was seen while falling through the air, but whether it proceeded from the structure itself, or from the passing train, was not observed. The object, which was identified and exhibited to the jury, proved to be an iron door lock. With this proof given the plaintiff rested. The defendant then summoned an employee as a witness, who testified as follows: The iron lock was similar to locks used on the doors of inside cabs of defendant's cars. Soon after the accident the witness examined the cars contained in the train which passed the plaintiff. A lock was missing from one of the cab doors; it had been torn from its fastenings. The cab was inside the body of the car and the door had been folded back into the cab, where it was securely fastened. When in place, the lock had been thirty-three inches from the floor of the car. The window opening of the cab, at its lowest point, was fifty-four inches above the floor. Notwithstanding the proof thus given, the case was sent to the jury, which returned a verdict for the plaintiff.

The plaintiff, relying on the principle *res ipsa loquitur*, asserts that, when she had given evidence indicating that the lock had fallen from a passing train, the inference that its fall was due to the negligence of the defendant was permissible. The difficulty is that the principle has application only in a case where the object which produces the injury has been in the custody and under the control of the person charged with fault. (*Griffen* v. *Manice,* 166 N. Y. 188; *Slater* v. *Barnes,* 241 N. Y. 284; *Goldman & Freiman Bottling Co.* v. *Sindell,* 140 Md. 488; *Sullivan* v. *Minneapolis Street Railway Co.,* 161

Minn. 45; *Sylvia* v. *Newport Gaslight Co.*, 124 Atl. Rep. 289.) "Both inspection and user must have been at the time of the injury in the control of the party charged." (Wigmore on Evidence, sec. 2509.) "Finally, the agency causing the injury must have been under the defendant's control both at the time of the injury and at the time of the negligent acts which it is presumed caused the injury." (Res Ipsa Loquitur, XXII Illinois Law Review, at p. 726.) To the same effect is *Goldman* v. *Sindell* (*supra*). Two cases involving falling missiles from elevated railway structures, wherein the maxim *res ipsa loquitur* was given effect, are cited by the plaintiff. (*Volkmar* v. *Manhattan Railway Co.*, 134 N. Y. 418; *Hogan* v. *Manhattan Railway Co.*, 149 N. Y. 23.) Those cases, however, do not aid her. In the one case, the missile was a heavy bolt which had been used to hold together the elevated structure of which it was a part. In the other, the missile was an iron bar similar to those being used by the defendant's employees upon the structure at the site of the accident. In each, the missile came from the custody and control of the defendant. In our case, when the plaintiff rested, there was no proof that the metal lock was ever possessed or controlled by the defendant. So far as the proof then showed, the lock may have been one which a passenger, traveling upon the train, was carrying, and had accidentally or purposely dropped from a car window. When the plaintiff had finished her proof, therefore, no evidence had been presented which made even a *prima facie* case of negligence on the part of the defendant.

It is said that the defendant supplied the missing proof of its ownership and control of the lock. The defendant's witness did not testify generally that locks, similar to the one involved, were used on defendant's cars. His statement had reference to a specific lock on a particular door and no other. That door was designed to cover the opening of a cab entirely within a railway car. The lock, which had been torn from the door, had occupied

a position nearly two feet lower than the window opening of the cab. If, through the negligence of the defendant, the fastenings of the lock had become insecure and the lock had fallen, nevertheless it could not have fallen on the plaintiff to cause the injuries of which she complains. The very evidence, therefore, which furnished proof that the defendant at one time possessed and controlled the lock, negatived every possible inference that negligence on the part of the defendant was the proximate cause of the accident. After the witness had finished, the case stood in this wise: If the testimony of the witness was to be discarded, there was no proof whatsoever that the defendant ever possessed or controlled the lock. If the evidence was to be credited, the negligence of the defendant, in reference to making the lock secure, could not have caused the accident. In either event the case was devoid of proof that the defendant possessed and controlled a lock which, when detached from its fastenings, might have fallen by gravity upon the plaintiff. Such being the situation, the lock must have been propelled through a window, or other car opening, by some human agency, to fall upon plaintiff's head. That agency equally well may have been a passenger upon the train or a workman of the defendant, and no inference lay that it was the latter rather than the former. In *Wolf* v. *American Tract Society* (164 N. Y. 30) a brick fell from a building and injured a pedestrian. The building was in process of construction and many workmen, under the control of numerous contractors, were engaged in work thereupon. It was held that the circumstances of the accident gave rise to a presumption that someone had been negligent, but not to a presumption that the owner of the building, or a particular contractor, had been guilty of negligence. The complaint was accordingly dismissed. So here, while the circumstances of the accident may have shown negligence, they failed to show that the defendant had been negligent. No facts have

been shown either giving rise to a presumption, or justly permitting an inference, that the defendant's negligence proximately caused the injuries of which the plaintiff complains.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., LEHMAN and O'BRIEN, JJ., concur; POUND, CRANE and ANDREWS, JJ., dissent.

Judgment reversed, etc.