Francis Eugene Whitcher, an Infant, by Margaret Whitcher, His Guardian ad Litem, Respondent, *v.* Board of Education of the City of Rensselaer, Appellant.

Third Department, June 30, 1931.

*Rosendale, Dugan & Haines* [*P. C. Dugan* of counsel, for the appellant.

*John C. Rafter* [*John L. Moore* of counsel], for the respondent.

Van Kirk, P. J. It was prejudicial error to introduce the doctrine of *res ipsa loquitur.* That doctrine does not apply to this case. The circumstances of the accident and the injury do not identify the wrongdoer. (*Hardie* v. *Boland Co.,* 205 N. Y. 336.) They, unexplained, do not identify this defendant as the solely negligent party. (*Plumb* v. *Richmond Light & R. R. Co.,* 195 App. Div. 254; affd., 233 N. Y. 285.) It may not even be said that the breaking of this glass is evidence that there was negligence on the part of some one. There may have been causes for the breaking of this glass other than those for which the defendant could be liable. " The doctrine of *res ipsa loquitur,*

although it provides a substitute for direct proof of negligence where plaintiff is unable to point out the specific act of negligence which caused his injury, is a rule of necessity to be invoked only when, under the circumstances involved, direct evidence is absent and not readily available. * * * Hence the presumption or inference arising from the doctrine cannot be availed of, or is overcome, where plaintiff has full knowledge and testifies as to the specific act of negligence which is the cause of the injury complained of." (45 C. J. 1206; *Plumb* v. *Richmond Light & R. R. Co.*, 233 N. Y. 285.) The plaintiff offered evidence that the door had been slamming and shook the floor and that it slammed at the time of the accident causing the breaking of the glass. So plaintiff did not rely upon inference to establish her cause of action. Also the evidence discloses a probable cause for the breaking, viz., the strong blast of wind which tore down the window curtains on the upper floor and caused the door to slam. Thus again there was evidence tending to show the cause of the accident.

The defendant is not shown to have been negligent. It is not responsible for the negligence of those acting for it in performing a delegable duty. It is not responsible for any negligence on the part of the teachers in controlling the manner in which children should pass from the schoolhouse. (*Herman* v. *Board of Education*, 234 N. Y. 196; *Johnson* v. *Board of Education*, 210 App. Div. 723.) It had the care, custody, control and safe-keeping of the school property and this involves reasonable inspection and repair. We find no proof of neglect in the performance of these duties. There is no fault in the construction of the building. The glass did not break because improperly set, or because the setting had become weak or out of repair. No part of the edges of the glass was separated from the frame and setting; the center of the pane was pushed or knocked inward. The evidence does not disclose that any defect either in the glass or its setting existed which would have been discovered by any reasonable inspection. There was no proof that the checks or controls on the doors were defective or inadequate. The mother of plaintiff did testify that before the accident and the day thereafter the door swung easily and freely. Naturally this was so; the controls did not retard the swing of the door until it closed within a few inches of the jam. They then retard the motion and cause the door to close slowly and without a jar.

When the court charged the jury little was said of the conditions shown to exist. Instead he laid emphasis on the doctrine of *res ipsa loquitur* as though this accident had occurred by reason of some latent cause unknown to defendant which would not have existed without defendant's negligence. We think the charge was

improper, that the doctrine was erroneously introduced into the case by the court and was prejudicial to defendant.

The judgment should be reversed and a new trial granted on the ground that there was prejudicial error in the charge in respect to the doctrine of *res ipsa loquitur* and further that the verdict is against the weight of evidence.

All concur, except HILL, J., who dissents with an opinion, in which RHODES, J., concurs.

HILL, J. (dissenting). The plaintiff, a pupil attending school in one of defendant's schoolhouses, has recovered a judgment for an injury received through being struck upon the head by a piece of glass which fell from a transom that broke as he, in line with other pupils, was leaving the building after being dismissed. This line first passed through double swinging doors into a small entrance hall, then through outside doors of heavy material to the street. These heavy outside doors, which were not equipped with any device to prevent slamming, closed violently as plaintiff was underneath the transom.

The defendant constructed the building. It was under a continuing duty to keep it in reasonably safe condition. (*Lessin* v. *Board of Education*, 247 N. Y. 503.) It determined the thickness and strength of the glass used in the transom and the manner in which it was set in the frame. It permitted the outside doors to be operated without stops designed to prevent sudden closing, with resultant jar and air pressure upon the inner doors and transom. It was required to know that a violent jar or air pressure might break glass, and that injury might result to a passer. The jury may reasonably have inferred that the transom and doors were not designed or constructed to withstand the pressure of the air and jar connected with the sudden closing of the heavy outer doors, and that negligence was involved in the design, construction and operation. (*Haefeli* v. *Woodrich Engineering Co.*, 255 N. Y. 442, 448.)

The court properly charged the doctrine of *res ipsa loquitur* as the building had been constructed by and was within the custody and under the control of the defendant. These facts placed it in the best position to show that the happening was without its fault. This it was required to do under the facts here presented. (*Plumb* v. *Richmond Light & R. R. Co.*, 233 N. Y. 285; *Sandler* v. *Garrison*, 249 id. 236.)

The judgment and order should be affirmed, with costs.

RHODES, J., concurs.

Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event.