Roy WHITCHER, Appellant, *v.* BOARD OF EDUCATION OF THE CITY OF RENSSELAER, Respondent.

Third Department, July 1, 1932.

*John C. Rafter* [*John L. Moore* of counsel], for the appellant.

*Rosendale, Dugan & Haines* [*P. C. Dugan* of counsel], for the respondent.

RHODES, J. On an appeal in another case arising out of the same accident involved here (233 App. Div. 184), a judgment in favor

of the plaintiff was reversed and a new trial granted on the ground that upon the record then before us the doctrine of *res ipsa loquitur* did not apply. In addition to showing the happening of the accident and the injuries, plaintiff introduced proof attempting to show the causes of the breaking and falling of the glass from the transom. The majority of the court thought that direct evidence having been produced as to the cause of the accident, the doctrine of *res ipsa loquitur* could not be availed of.

The record now before us discloses that upon the trial herein plaintiff simply introduced evidence showing the happening of the accident and the consequent injuries. The school building being in the care, custody, control and safekeeping of the defendant, it was in the best position to show that the happening was without its fault. It must, therefore, be held that the doctrine of *res ipsa loquitur* is applicable to the case here presented.

The judgment, therefore, should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur; VAN KIRK, P. J., in the result, but thinks the doctrine of *res ipsa loquitur* cannot be applied to this case; HILL, J., in the result on the ground that the rule of *res ipsa loquitur* applied, and the case should have been submitted to the jury.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.