REGINA N. BRESSLER et al., Respondents, *v.* NEW YORK
RAPID TRANSIT CORPORATION, Appellant.

(Argued March 11, 1936; decided April 14, 1936.)

*Harold L. Warner* and *George D. Yeomans* for appellant. The plaintiffs cannot repudiate their own evidence as to the cause of the accident. They must succeed on that evidence or not at all. If, as charged by the trial court, no inference of negligence could be drawn from the evidence as to the cracked condition of the glass, the complaint should have been dismissed. To charge the jury that the doctrine of *res ipsa loquitur* applied and allow them to speculate blindly as to the negligence of the defendant, starting off with the premise that the cause of the accident as shown by the plaintiffs themselves was not enough to warrant an inference of negligence, was extreme error. (*Whitcher* v. *Board of Education*, 233 App. Div. 184; 236 App. Div. 293.) Assuming that plaintiffs could repudiate their own explanation of the accident, the unexplained breaking of a car window does not raise a presumption of negligence on the part of the railroad company. The doctrine of *res ipsa loquitur* does not apply. (*Gillick* v. *Delaware, L. & W. R. R. Co.*, 83 Misc. Rep. 430; *McKinney* v. *N. Y., W. & B. R. R. Co.*, 179 N. Y. Supp. 535.) The trial court was right in charging that no finding of negligence could be based on the evidence as to the cracked condition of the glass. Without proof of notice of the crack, the defendant is not liable, and the complaint should be dismissed. (*Palmer* v. *Pennsylvania R. R. Co.*, 111 N. Y. 488; *Kelly* v. *N. Y. & Sea Beach Ry. Co.*, 109 N. Y. 44; *Leyh* v. *Newburgh Electric R. R. Co.*, 41 App. Div. 218; 168 N. Y. 667; *Schonleben* v. *Interborough R. T. Co.*, 160 App. Div. 790; *Devine* v. *Empire State R. R. Corp.*, 220 App. Div. 466; *Strembel* v. *B. H. R. R. Co.*, 110 App. Div. 23.)

*Stephen Callaghan* and *Ralph Stout* for respondents. The doctrine of *res ipsa loquitur* applies and the trial court properly so charged the jury. (*Palmer* v. *Delaware & Hudson Canal Co.*, 120 N. Y. 170; *Stierle* v. *Union Ry. Co.*, 156 N. Y. 70; *Sheppard* v. *Brooklyn Heights R. R. Co.*, 146 App. Div. 806; *Powell* v. *Hudson Valley R. Co.*,

88 App. Div. 133; *Schonleben* v. *Interborough R. T. Co.*, 160 App. Div. 790; *Rosenbaum* v. *Union Ry. Co.*, 169 N. Y. Supp. 456; *Orma* v. *Traction Bus Co.*, 300 Penn. St. 474; *Boice* v. *Ulster & Delaware R. R. Co.*, 120 App. Div. 643; *Waldman* v. *Brooklyn Union El. R. Co.*, 136 App. Div. 376; *Scilimbraca* v. *Central R. R. of N. J.*, 7 N. J. Misc. Rep. 635; *Gilmore* v. *Brooklyn Heights R. R. Co.*, 6 App. Div. 117; *Weir* v. *Union Ry. Co.*, 112 App. Div. 109; *Jones* v. *Brooklyn Heights R. R. Co.*, 23 App. Div. 141; *Och* v. *M., K. & T. Ry. Co.*, 130 Mo. 27; *Allen* v. *United Traction Co.*, 67 App. Div. 363; *Vogel* v. *Union Dime Sav. Bank*, 221 App. Div. 881; 247 N. Y. 595; *Baum* v. *N. Y. & Queens Co. R. Co.*, 124 App. Div. 12.) The fact that the plaintiff offered proof tending to show the existence of some specific defect would not deprive her, as a passenger in the defendant's car, of the benefit of the doctrine of *res ipsa loquitur*, nor would it take away from the defendant the necessity of showing, to the satisfaction of the jury, that the happening of the accident was not due to want of care on its part. (*D'Arcy* v. *Westchester Electric Ry. Co.*, 82 App. Div. 263; *DeRoire* v. *Lehigh Valley R. R. Co.*, 205 App. Div. 549; *Williams* v. *N. Y. & Queens County R. R. Co.*, 97 App. Div. 133; *Powell* v. *Hudson Valley R. Co.*, 88 App. Div. 133; *McDonough* v. *Boston Elevated Ry. Co.*, 208 Mass. 436; *Rapp* v. *Butler-Newark Bus Lines*, 103 N. J. L. 512; 104 N. J. L. 444; *Firszt* v. *Capitol Park Realty Co.*, 98 Conn. 627; *Stewart* v. *Barre & Montpelier P. & T. Co.*, 94 Vt. 398; *Partin* v. *Black Mountain Camp*, 248 Ky. 32; *Kleinman* v. *Banner Laundry Co.*, 150 Minn. 515; *Nashville Interurban Ry. Co.* v. *Gregory*, 137 Tenn. 422; *Pearson* v. *Ehrich*, 148 App. Div. 680.)

O'BRIEN, J. Judgment was entered in favor of plaintiff Regina Bressler for personal injuries sustained by her and in favor of her husband, Simon, for loss of services and for expenses. It is based upon negligence by defendant.

Mrs. Bressler was a passenger on one of defendant's cars and was injured by glass which fell from a window of that car. Testimony introduced by her tended to prove that a short time previous to her injury she noticed that the glass in the upper sash of the window next to which she was sitting was cracked and that later, when the car gave a sudden jerk, the glass flew from the sash and a particle penetrated her eye. Defendant's evidence was that a boy near its track threw a stone and broke the window.

At the close of plaintiffs' case, on the statement of plaintiffs' counsel that the evidence relating to the cracked condition of the glass was not introduced for the purpose of proving notice but only to show the actual condition, the court denied defendant's motion to strike out the testimony relating to that subject. At the close of the whole case the court charged, at defendant's request, that the jury could not find any negligence in the method of operating the train in respect to its jerking or jolting or sudden stopping and that no negligence could be based upon the evidence of a crack in the glass "standing alone." However, in the main part of the charge, the court recited to the jury plaintiff's contention that there was a crack in the window glass and that, when there was a motion of the car, the glass came out. He called attention also to defendant's contention that a boy threw a stone through the window, instructed the jury that they must determine which contention was true and charged that the rule *res ipsa loquitur* applied to this case.

No doubt the jury must have failed to appreciate the exact issue which they should determine. In the case remained testimony that the glass was cracked, that, when the car jolted, the glass fell out, but the crack in the glass was not to be considered as constituting notice to defendant nor "standing alone" could it form the basis for a finding of negligence. Neither would the jerking, jolting or sudden stop of the car constitute

negligence. On the other hand, there was testimony that a boy hurled a stone through the glass and the jury was instructed to determine the truth of these opposite contentions with an additional instruction that the rule *res ipsa loquitur* applied. Did the jury infer that, while the crack in the glass " standing alone " was not negligence and neither was the jolting of the car negligence, the combined evidence of these two factors might constitute negligence and cast the duty upon defendant of going forward with evidence tending. to explain the occurrence?

Some confusion exists in the reported cases whether the rule *res ipsa loquitur* is applicable when a plaintiff produces evidence from which the cause of an accident may be inferred. The reasoning which we think most worthy of adoption is found in *Whitcher* v. *Board of Education* (233 App. Div. 184), where, as here, there was evidence by plaintiff tending to prove the cause of the accident but no evidence of defendant's negligence. Here the proof introduced by plaintiff is that her injury was due to a broken pane of glass, of which defendant was not charged with notice, which fell out because the car gave a sudden jolt which was not negligent. In the absence of evidence by plaintiff tending in some degree to explain the cause of this accident, which in the natural course of events might not be likely to occur without negligence, defendant, having control of this car, would be in the best position to go forward with proof tending to rebut an inference of negligence and to show that the occurrence was without its fault. In such an event, the rule *res ipsa loquitur* would apply. (*Volkmar* v. *Manhattan Ry. Co.*, 134 N. Y. 418; *Hogan* v. *Manhattan Ry. Co.*, 149 N. Y. 23; *Wolf* v. *American Tract Soc.*, 164 N. Y. 30; *Griffen* v. *Manice*, 166 N. Y. 188; *Robinson* v. *Consolidated Gas Co.*, 194 N. Y. 37; *Plumb* v. *Richmond L. & P. Co.*, 233 N. Y. 285; *Slater* v. *Barnes*, 241 N. Y. 284; *Sandler* v. *Garrison*, 249 N. Y. 236.) This is the theory adopted in the second *Whitcher* case (236 App. Div. 293) and we think that it is correct.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.