REGINA N. BRESSLER and SIMON A. BRESSLER, Respondents, v. NEW YORK RAPID TRANSIT CORPORATION, Appellant.— Action by a wife to recover damages sustained through the alleged negligence of the defendant and by her husband to recover for loss of services, etc. Appeal by the defendant from a judgment entered in favor of the plaintiffs. Judgment in favor of the plaintiffs reversed on the law, with costs, and complaint dismissed, with costs. Although the facts concerning the cracked window and the jerk of the train were adduced not on plaintiff wife's direct, but on her cross-examination, they were a part of plaintiffs' case and the decision of the Court of Appeals herein (270 N. Y. 409) that the rule res ipsa loquitur does not apply is again applicable. By the bill of particulars and complaint, as amended, the claim of negligence was that defendant, with notice, actual or implied, permitted the window glass to be in a loose and unfastened condition and because of that condition and a jerk of the car it fell upon her. Upon this trial plaintiff wife and her witness testified merely that the glass fell upon plaintiff. But this was not her whole story; it was not the whole truth, since she pleaded that the glass had been negligently maintained, in a loose and unfastened condition, and on a prior trial she and her witness testified that they observed, before it fell, that the window pane was cracked. Cross-examination unsealed her lips to relate the balance of her story in accordance with her claim and the facts. The testimony thus elicited was a part of her case. One of the objects of this cross-examination was to develop the whole truth as to a situation which had been only partly developed on the direct examination. Plaintiffs are in the same position they were in before the Court of Appeals. Upon three trials plaintiffs have failed to prove defendant had notice of the crack in the glass essential to the liability of the defendant, as held by the Court of Appeals. It would be useless to order a new trial. Lazansky, P. J., Johnston, Adel and Taylor, JJ., concur; Hagarty, J., dissents and votes to affirm, with the following memorandum: Plaintiffs' proof,

upon direct examination, was limited to showing that while she was riding as a passenger in one of defendant's cars, she was injured by glass falling from a window. In cross-examination, the defendant developed the fact that the window was cracked and that the car gave a jerk at the time of the accident. The explanation upon which the defendant relied was, however, that boys, playing in the street, threw a stone through the window, causing the accident. The jury by its verdict rejected that defense. In my opinion, the plaintiff was not deprived of the benefits of the rule of *res ipsa loquitur*, to which she would otherwise be entitled, by the matter brought out by the defendant in the cross-examination of the plaintiff and her witnesses. Such matter might, or might not, explain the accident, but in any event, upon this trial at least, the plaintiff was not relying upon it and did not offer it as proof of defendant's negligence.