Per Curiam.

Defendant installed and owned a service line from its street main into the cellar of plaintiff’s house, to the .outlet of the meter. As a part of its service line in the cellar defendant installed a stopcock, which was the only means for shutting off the flow of gas from the main into the house. When an invitee of plaintiff’s tenant, detecting the odor of escaping gas, attempted to turn the stopcock to shut off the gas he unexpectedly pulled out the core of the stopcock, thus permitting the gas to escape in such great quantities that in a very few moments an explosion occurred, causing a damage to plaintiff’s property, for which a recovery has been had herein. Early on the following morning plaintiff’s tenant found the core on the cellar floor with the nut still on the end of it. By the testimony of plaintiff’s expert, Wischmeyer, plaintiff established that the core, with the nut on it, could not have come out of the stopcock if there had been a washer on the narrow end of the core, and that such a washer was an essential part of a proper stopcock. It is therefore apparent that plaintiff did not rely upon the rule of res ipsa loquitur, but went forward with the proof, establishing prima facie that the proximate cause of the explosion was a defective stopcock (1 Shearman and Redfield on Negligence [Rev. ed.], § 56; Whitcher v. Board of Education, 233 App. Div. 184; Whitcher v. Board of Education, 236 App. Div. 293; Bressler v. New York Rapid Transit Corp., 270 N. Y. 409, 277 N. Y. 200). Neither was there shown such exclusive possession of the stopcock as is essential to the application of the rule of res ipsa loquitur. (1 Shearman and Redfield on Negligence [Rev. ed.], § 56; Slater v. Barnes, 241 N. Y. 284; Sandler v. Garrison, 249 N. Y. 236.) Under these circumstances, to charge the rule was merely to befog the issue. Defendant’s exception therefore presents reversible error.
Assuming, but without deciding so, that, without amendment, under the complaint, on the theory of maintenance, it was proper to submit to the jury, as an element of negligence, the lack .of reasonable diligence on the part of defendant in responding to the notice given to it after the core came out of the stopcock, still we do not find, in this record, that sufficient time elapsed between the giving of notice and the explosion, to charge defendant with negligence in that respect.
*369 On the issue of installation of a proper stopcock originally, the record is not as conclusive, as it would seem it should be if such were the fact. Substantially defendant’s proof in this respect is that prior to August, 1936, it was using and installing a proper type of stopcock. Yet it is only indirectly established that the installation was in 1928, and it is not definitely and conclusively shown that when installed, whenever that time was, the stopcock was a proper one, complete with body, core, washer and nut, and in proper working order. Plaintiff did not become the owner of the property until 1931, when the tenancy of Smith, the occupant at the time of the explosion in 1936, began. Seemingly, because it was relying upon the application of the rule of res ipsa loquitur, plaintiff made no attempt to show that Smith, during that period, never interfered with nor altered the stopcock, nor did anyone with his knowledge or consent do so. If plaintiff is to rely upon negligent maintenance, such proof would seem essential. While we recognize that in ScJimeer v. Gas Light Co. (147 N. Y. 529, 541) the rule was enunciated that a gas company is not under an obligation of frequent inspection, and that this case was followed in Pernick v. Central Union Gas Co. (183 App. Div. 543, affd. 228 N. Y. 594) still we do not construe these two cases as definitely determining that, under all circumstances, a gas company is relieved of the duty of inspection, at least as to so vital and important a device as this stopcock, which defendant owned and installed in this house, and which constituted the only means which the householder or owner could .utilize, in a sudden emergency, to turn off the gas.
For the foregoing reasons the judgment should be reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.
All concur. Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.
Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. [See post, p. 1053.]