Callahan, J.
The plaintiff Beatrice Whylie sues for personal injuries sustained on November 30, 1944, while a passenger in a falling elevator at premises 555 Edgecombe Avenue, in the city of New York. The action of the plaintiff John Whylie is to recover damages for loss of his wife’s services and medical expenses. The defendants are Craig Hall, Inc., as owner of the multiple dwelling wherein the accident occurred and employer of the elevator operator, and William Greve and Charles J. Grosso, doing business as Imperial Elevator Service (hereinafter referred to as the service company), which had made certain repairs to the elevator.
*605 The complaint in this action with some particularity alleged acts of negligence on the part of both defendants. The bill of particulars, however, stated that the plaintiffs intended to rely on the rule of res ipsa loquitur against the defendant owner of the building and itemized specific acts of negligence only as to the defendant service company.
Upon the trial the plaintiffs called as a witness a City Inspector, Avho had caused certain violations to be filed' against the premises Avith respect to the elevator. The plaintiffs advised the trial court that the inspector’s testimony was offered solely against the defendant service company and that it Avas intended to rely on the. res ipsa loquitur rule against the defendant OAvner of the apartment house in which the accident happened. The effect of the inspector’s testimony, hoAvever, was to show that the matters covered by the violations and steps taken in repairing the same had no causal relation to the accident. This "witness also testified that in his opinion the fact that the elevator Avas carrying three passengers in excess of its legal maximum of ten persons did not occasion the elevator to fall.
At the end of the plaintiffs’ case there had been no explanation of the cause of the mishap, but merely proof tending to establish that the occurrence was not attributable to any negligence of the defendant service company in making repairs or due to overcroAvding. The trial court thereupon dismissed the complaint against both defendants, holding that the rule of res ipsa loquitur no longer applied in view of the allegations in the plaintiffs’ pleadings and their attempt to prove specific acts of negligence.
While the complaint was properly dismissed against the defendant service company, we find that it was error to direct a dismissal against the defendant owner of the premises. The res ipsa loquitur doctrine did not apply to the former, and there was no proof of the particular negligence with Avhich it was charged. But we see no valid reason for holding that the plaintiffs’ pleadings or proof effected a waiver of the benefit of the rule as to the other defendant in the action..
Indeed, the relevant authorities Avould seem to indicate that such was not the effect of what took place in this case. In Whitcher v. Board of Education (233 App. Div. 184) the court quoted Avith approval the following statement of the law as found in Corpus Juris (Vol. 45, Negligence, § 774): “ The doctrine of res ipsa loquitur, although it provides a substitute for direct proof of negligence where plaintiff is unable to point out the specific act of negligence which caused his injury, is a rule *606 of necessity to be invoked only when, under the circumstances involved, direct evidence is absent and not readily available. * * Hence the presumption or inference arising from the doctrine cannot be availed of, or is overcome, where plaintiff has full knowledge and testifies as to the specific act of negligence which is the cause of the injury complained of.” (See, also, Bressler v. New York Rapid Transit Corp., 270 N. Y. 409; Plumb v. Richmond Light & R. R. Co., 223 N. Y. 285.)
On the present record it does not appear that the plaintiffs had knowledge concerning the cause of the accident, nor did the pleadings or proof show that any specific act of negligence had occasioned the elevator to fall. Such proof as was offered against the defendant service company merely negatived the claims of negligent repair and overcrowding as factors contributing to the accident. The proximate cause was still left undetermined and without explanation.
It was held in DeRoire v. Lehigh Valley Railroad Co. (205 App. Div. 549) that if the plaintiff fails in his attempt to prove some specific charge of negligence in the first instance, the defendant is still required to explain the occurrence of the accident where the management and control of the agency producing the injury are confined to the defendant’s employees. In such circumstances whatever occurred would be presumptively within their knowledge.
In D’Arcy v. Westchester Electric Ry. Co. (82 App. Div. 263) a trolley passenger injured by reason of the escape of electricity into the car undertook to show that the accident was the result of defective insulation, but failed in such proof. It was considered that this did not necessarily absolve the defendant in control of the car from the obligation to offer an explanation of the cause of the mishap.
In the present case the plaintiffs attempted to establish specific negligence against the defendant service company not in control of the instrumentality that caused the injury. The pleadings and offer of proof in question indicated reliance on the rule of res ipsa loquitur against the defendant owner of the building in control of the elevator. It was expressly stated that the specific proof of negligence offered against the former should have no application to the latter defendant. It happened that the proffered evidence failed of its purpose and left the cause of the accident wholly undisclosed. Under the circumstances we hold that the defendant Craig Hall, Inc., whose servant or employee was in control of the operation of the elevator, was required to come forward with an explana *607 tion of the occurrence and that it was improper to dismiss the complaint against it.
The judgment should be affirmed as to the defendants G-reve and Grosso, copartners, doing business as Imperial Elevator Service, without costs, and reversed as to the defendant Craig Hall, Inc., the action severed and a hew trial ordered as to said defendant, with costs to the appelants to abide the event.
Peck, P. J., Van Voorhis and Shientag, JJ., concur; Cohn, J., dissents and votes to affirm as to both defendants.
Judgment affirmed as to the defendants William Greve and Charles J. Grosso, copartners, doing business as Imperial Elevator Service, without costs; and reversed as to the defendant Craig Hall, Inc., the action severed and a new trial ordered as to said defendant, with costs to the appellants to abide the event.