**David A. COLESANTI, Plaintiff,**

v.

**FIRESTONE TIRE & RUBBER CO.,
Defendant.**

United States District Court
S. D. New York.
April 18, 1957.

William G. Warner, New York City, by Harry Zeitlan, New York City, of counsel, for plaintiff.

Baer, Marks, Friedman, Berliner & Klein, by William E. Friedman, New York City, for defendant.

EDELSTEIN, District Judge.

1. At all times hereinafter mentioned, defendant leased and operated a store at 2996 Third Avenue, Borough of the Bronx, City and State of New York.

2. On August 28, 1954 at about 1:30 P.M. plaintiff was shopping at defendant's store when a section of a shelf approximately 6 feet to 7 feet above the floor tilted causing from 12 to 30 small cardboard boxes to fall.

3. Plaintiff was hit by several of these boxes, each of which contained a toy metal car weighing about one-half to one pound.

4. The section of the shelf which tilted was supported by metal brackets each of which was in turn fastened into a 2 x 4 wooden upright support 7'-4" in height. The upright supports were spaced at distances of 4' and were anchored to a concrete wall by stud nails approximately 3" in length.

5. As an affirmative part of his case, plaintiff established that the probable cause of the accident was the separation of one or two of the upright supports from the concrete wall thereby causing the shelf to tilt and the boxes to fall.

6. Plaintiff failed to prove that the separation of the upright supports was the result of any negligence of the defendant.

7. Plaintiff failed to prove that defendant was in any way negligent in the construction of the shelf.

8. Plaintiff failed to prove that defendant maintained in a dangerous, defective, unsafe and insecure position the boxes which fell or that defendant in any way overloaded its shelf.

9. Plaintiff failed to establish that the injuries claimed were caused by any failure on the part of defendant to inspect its shelf and further failed to establish that an inspection could have avoided the accident.

### Conclusions of Law

1. The law of the State of New York imposes no absolute liability upon defendant for injuries caused by

accidents occurring on its leased store premises.

2. Plaintiff waived his right to rely upon the doctrine of res ipsa loquitur when, as an affirmative part of his case, he undertook to establish specific acts of negligence on the part of defendant and introduced evidence tending to prove the cause of the accident. Bressler v. New York Rapid Transit Corp., 270 N.Y. 409, 1 N.E.2d 828.

3. Plaintiff failed to sustain the burden of proof which rested upon him to establish that his injuries were caused by defendant's negligence.

4. The complaint is dismissed with costs.