■ CAROLYN FINN et al., Respondents, et al., Plaintiffs, v. PENNSYLVANIA RAILROAD COMPANY et al., Appellants.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from a judgment of the County Court, Westchester County, entered on a jury verdict in favor of respondents. Judgment reversed and a new trial ordered, with costs to abide the event. The questions of fact have been considered, and a new trial would not be granted on those questions. On the last day of a Thanksgiving week end, respondent Carolyn Finn alighted from a train at Pennsylvania Station and boarded an escalator to ascend from the train platform to the exit concourse on the street level. She testified that the train she had arrived on was crowded, that the escalator was also crowded, and that there was no guard at the foot of the escalator and none at the top. She also testified that, shortly before she reached the top, a passenger about five steps above her somehow wedged a large valise crossways between the sides of the escalator and that passengers coming up on the escalator were blocked by the wedged valise, could not get off, and fell over it. She further testified that, as the escalator kept moving up, the fallen people piled up at the top, that she fell on the pile and was trampled upon by those behind her, before the escalator stopped moving. Appellants' only witness was a railroad patrolman who was on duty in the exit concourse. He testified that he was the only guard on duty that day and that seven escalators led into the concourse from a number of train platforms but only one or two were in use at any given time because of the staggered arrivals of trains. He also testified that at the time of the accident he was attending the escalator next to the one respondent was using, that he heard a scream, looked around and saw a valise on the floor in front of the escalator respondent had been using, and that women started to fall over the valise and pile up, so he ran over and pushed an emergency button which stopped the escalator. The court charged the jury that the doctrine of *res ipsa loquitur* applied to this case. In our opinion, this constituted prejudicial error. In this case, the escalator did not jerk, stop suddenly or do anything unusual or unexpected. It was not the escalator that initiated the chain of

events resulting in respondent's injury; it was the act of a passenger in wedging a valise between the escalator sides or dropping it in front of the escalator, and neither the passenger nor the valise was under appellants' exclusive control. Hence, the *res ipsa loquitur* doctrine is inapplicable. (*Galbraith* v. *Busch*, 267 N. Y. 230; *Mercatante* v. *City of New York*, 286 App. Div. 265.) Moreover, respondent did not rely on an inference of negligence from the happening of the accident but instead introduced proof of crowding and inadequate supervision. Having done so, she cannot rely on the *res ipsa* doctrine and it was error to charge it (*Goodheart* v. *American Airlines*, 252 App. Div. 660; *Whitcher* v. *Board of Educ.*, 233 App. Div. 184, 185; *Bressler* v. *New York R. T. Corp.*, 270 N. Y. 409; *Holtfoth* v. *Rochester Gen. Hosp.*, 304 N. Y. 27). Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur; Wenzel, Acting P. J., concurs in the reversal of the judgment but dissents from the ordering of a new trial and votes to dismiss the complaint, on the ground that as a matter of law no negligence on the part of appellants was established.