ROBERT CUNNINGHAM, Respondent, v. LENCE LANES, INC., Appellant.

Third Department, April 6, 1966.

*Lewis I. Wolf, Bender Solomon* and *Henry Wolfman* for appellant.

*Justice & Micare (Franklin P. Gavin* of counsel), for respondent.

TAYLOR, J. Defendant appeals in a personal injury action from a judgment of the Supreme Court entered upon a jury verdict at Trial Term and from an order denying its post-trial motion to set aside the verdict.

In the evening of November 27, 1962 plaintiff, a business invitee of defendant, was injured while leaving its bowling establishment through a glass-paneled door. His testimony was that as he approached the exit he grasped the handle of the door with his left hand, pushed it outward for a distance of about two feet from which point it swung backward, contemporaneously with which movement the plate glass of the door shattered and fell from its frame striking him on the

leg and causing the injuries for which he has a recovery. The complaint alleged specific acts of negligence in the construction, maintenance and supervision of the instrumentality which was said to have caused the accident and at the trial plaintiff introduced evidence by former employees of the defendant in an attempt to prove such acts. This proof was, in our opinion, not only insufficient for the purpose for which it was offered but effectively deprived the plaintiff of the benefit of the presumption under the rule of *res ipsa loquitur*. Hence, the introduction of that doctrine into the case by the trial court was prejudicial error. (*Fischer* v. *Johnson & Sons*, 20 Misc 2d 891 and cases cited therein; *Whitcher* v. *Board of Educ.*, 233 App. Div. 184; *Whitcher* v. *Board of Educ.*, 236 App. Div. 293; *Bressler* v. *New York R. T. Corp.*, 270 N. Y. 409; *Bressler* v. *New York R. T. Corp.*, 277 N. Y. 200.)

The judgment should be reversed, on the law and the facts, the motion granted and a new trial ordered.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Judgment reversed, on the law and the facts, motion granted and a new trial ordered, with costs to abide the event.