■ MICHELANGELO SCIMECA, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered November 22, 1971, in favor of defendant, upon the trial court's dismissal of the complaint at the close of plaintiff's case at a jury trial on the issues of liability only. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. Early on the morning of December 27, 1967 plaintiff was allegedly struck by a piece of steel which had crashed through the windshield of his automobile. The sole witness, he testified that at the time of the occurrence he was driving along Broadway in Brooklyn underneath an elevated structure; as he approached Ralph Avenue he heard the rumble of a train overhead; it was traveling in the same direction as he was; and as he looked up a piece of steel fell from the tracks underneath the train, struck his car at an angle, crashed into his windshield, hit the steering wheel and struck him in the face. The piece of steel, received into evidence as an exhibit, is described in appellant's brief, without dispute by respondent, as being 19 inches long, 3 inches wide, ⅜ of an inch thick, slightly curved, having a jagged end, indicative that it had broken off from a larger piece, and weighing more than five pounds. This, in sum and substance, constituted plaintiff's case. In our opinion, plaintiff failed to make out a prima facie case under any theory of negligence, including that of *res ipsa loquitur,* urged by plaintiff at the trial and on this appeal, and the trial court correctly dismissed the complaint on the merits at the close of plaintiff's case. However, the record discloses that, following the ruling of the court granting defendant's motion to dismiss, plaintiff's counsel requested permission to "bring in an expert", presumably for the purpose of supplying some additional proof connecting defendant with the instrumentality which had caused the injury. While the belated posture at which the request was made would normally have militated against granting it, we are of the opinion that under the circumstances at bar the request should have been granted. In *Cameron* v. *Bohack Co.* (27 A D 2d 362, 364) Mr. Justice Hopkins, writing for a unanimous court, expressed this court's views on the subject of *res ipsa loquitur,* which we consider applicable here. Predicated thereon, we are of the opinion that while, in order for plaintiff at bar to have brought himself within the purview of the doctrine of *res ipsa loquitur,* proof of exclusive possession and control was a necessary prerequisite, all that he was required to establish was that under the facts and circumstances adduced and from the nature of defendant's possession and control "the probability that the negligent act was caused by someone other than the defendant is so remote that it is fair to permit an

inference that the defendant is the negligent party". While plaintiff failed to adequately meet this requirement, it may be, although we do not so suggest or conclude, that plaintiff might have supplied the requisite proof had he been afforded the opportunity he sought. Accordingly, we conclude that a new trial is indicated, in the interests of justice, at which trial plaintiff may develop such facts and adduce such proof as he may be advised. We are persuaded toward this conclusion particularly in view of (a) the size and physical characteristics of the piece of steel involved, which rendered it less susceptible to third-party intervention and distinguishable from the instrumentality (an iron door lock) involved in *Sandler* v. *Garrison* (249 N. Y. 236), relied on by defendant, and (b) plaintiff's testimony as to the area from which the piece of steel emanated and the course that it took while he had it under observation, the credibility of which testimony would be for the jury to evaluate if the additional proof should prove adequate. Rabin, P. J., Hopkins, Munder and Brennan, JJ., concur; Gulotta, J. (concurring). I concur in the reversal herein, but would base it on broader grounds. Expert opinion which would undoubtedly identify this precisely shaped piece of steel as part of a leaf spring, while desirable, was not indispensable to make out a prima facie case. A leaf spring is an object well known to most people and it would be permissible for a jury to reach the conclusion that this was indeed part of a broken spring and, in view of the time and line of its descent, that it came from one of defendant's trains. The exclusiveness of control which is required to invoke the doctrine of *res ipsa loquitur* does not require the positive exclusion of all other possible agencies, other than defendant, as the cause of plaintiff's injuries. I agree with the statement of the rule culled from *Cameron* v. *Bohack Co.* (27 A D 2d 362), but not as to its applicability to our facts. That case dealt with a granular material resembling a detergent in the aisle of a supermarket, boxes of which were on the shelves adjoining the passageway exposed to traffic by hundreds of customers. Outside intervention was more than a possibility. It is quite dissimilar to the situation existing on the tracks of an elevated railroad between stations, where the likelihood of the object having been hurled by another is quite remote. Even the classic *res ipsa loquitur* case of a falling elevator (*Whylie* v. *Craig Hall, Inc.*, 272 App. Div. 603) could not withstand a test of absolute exclusion, since even there an intruder might have damaged the mechanism. As illustrative of the nonliteral way in which the doctrine has been applied, in *Robinson* v. *Atlantic & Pacific Tea Co.* (184 Misc. 571, affd. 269 App. Div. 977) it was invoked where a food can fell from a shelf in a self-service market, although a customer might very well have been the one to put it in a precarious position. Here we may fairly say that the probability of intervention by an outside party is so remote as to permit an inference that defendant was the negligent party and thus, in my opinion, the case may be given to a jury on that basis.