EMMA M. COOPER, as Administratrix of the Estate of JUDSON M. COOPER, Deceased, Respondent, *v.* THE NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant.

APPEAL — WHEN EXCEPTION TO DIRECTION OF GENERAL VERDICT INSUFFICIENT TO AUTHORIZE NEW TRIAL. The failure to object and except to the submission to the jury of specific questions requiring a special verdict, as to plaintiff's intestate's freedom from negligence, as to defendant's negligence, and as to the damages, is not cured by an exception to the direction of a general verdict based thereon, and in the absence of any other exception a judgment entered upon a verdict adverse to plaintiff must be affirmed.

*Cooper* v. *N. Y., O. & W. Ry. Co.,* 84 App. Div. 42, reversed.

(Argued November 23, 1904; decided December 6, 1904.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 22, 1903, reversing a judgment in favor of defendant entered upon a verdict directed by the court after the jury had answered specific questions submitted to them and also reversing an order denying a motion for a new trial and granting a new trial upon questions of law only. The order appealed from recites that "the facts were examined and no error found therein."

The facts, so far as material, are stated in the opinion.

*Lewis E. Carr, Udelle Bartlett* and *P. W. Cullinan* for appellant. This appeal to the Court of Appeals lies from the order of reversal of the Appellate Division. (Code Civ. Pro. §§ 190, 1337; *Judson* v. *C. V. R. R. Co.,* 158 N. Y. 597; *Vollkommer* v. *Cody,* 177 N. Y. 124.) The decision of the Appellate Division should be reversed because it was made on alleged errors of law, to which plaintiff took no exceptions on the trial. (Code Civ. Pro. §§ 995, 1187; *Collier* v. *Collins,* 172 N. Y. 99; *Alden* v. *Knights of Maccabees,* 178 N. Y. 535; *Thurber* v. *H. B., M. & F. R. Co.,* 60 N. Y. 326; *Judson* v. *C. V. R. R. Co.,* 158 N. Y. 597; *H. P. Co.* v. *S. I. Co.,* 157 N. Y. 437; *T. A. R. R. Co.* v. *Ebling,* 100 N. Y. 98; *Roberts* v. *Tobias,* 120 N. Y. 1; *Nat. Harrow Co.* v. *Bement*

*& Sons*, 163 N. Y. 505 ; *Sullivan* v. *Dunham*, 161 N. Y. 290 ; *Ross* v. *Caywood*, 162 N. Y. 259.) · The plaintiff acquiesced in the submission to the jury by the trial court of the question of assumed risk under the name of intestate's contributory negligence, and cannot now be heard to claim it was error. (*H. P. Co.* v. *S. I. Co.*, 157 N. Y. 437 ; *Collier* v. *Collins*, 172 N. Y. 99 ; *Gernon* v. *Hoyt*, 90 N. Y. 631 ; *Ross* v. *Caywood*, 162 N. Y. 259 ; *Hopkins* v. *Clark*, 158 N. Y. 299 ; *Barrett* v. *T. A. R. R. Co.*, 45 N. Y. 628 ; *Pollock* v. *P. I. W. Co.*, 157 N. Y. 699 ; *Hawver* v. *Bell*, 141 N. Y. 140 ; *S. I. Co.* v. *Brown*, 171 N. Y. 488 ; *Wangner* v. *Grimm*, 169 N. Y. 421.)

*Frank C. Sargent* and *James Gallagher* for respondent. The Appellate Division granted a new trial to the plaintiff, not " on exceptions," as provided by subdivision 1 of section 190 of the Code of Civil Procedure, but it did so upon a question of law not raised " on exceptions," exercising its discretionary right under the supervisory power of that court upon an appeal from an order denying plaintiff's motion for a new trial. (*Alden* v. *Knights of Maccabees*, 178 N. Y. 541 ; *Connor* v. *Walsh*, 131 N. Y. 590 ; *Hurlbut* v. *Hurlbut*, 128 N. Y. 426 ; *S. O. Co.* v. *A. Ins. Co.*, 79 N. Y. 510 ; *Bodine* v. *Andrews*, 47 App. Div. 495 ; *Vogedes* v. *Beakes*, 38 App. Div. 380 ; *Whittaker* v. *D. & H. C. Co.*, 49 Hun, 400 ; *Crooks* v. *P. N. Bank*, 177 N. Y. 70 ; *Snebley* v. *Connor*, 78 N. Y. 218.) There were exceptions taken upon the trial which are sufficient to sustain the reversal of the Appellate Division, but these exceptions were not considered by that court and none of them were made the basis of the decision. (*Young* v. *S. & N. Y. R. R. Co.*, 166 N. Y. 230 ; *Jenks* v. *Thompson*, 179 N. Y. 25.)

Bartlett, J. The plaintiff seeks in this action, as administratrix, to recover damages caused by the death of her husband by reason of the negligence of the defendant. The deceased was a fireman on a freight engine of the defendant company and was instantly killed in a collision.

The details of the accident are immaterial on this appeal.

This case has been twice tried. The first trial came on before Mr. Justice Wright and a jury in 1897, and resulted in a verdict of $15,000 for plaintiff. The judgment entered thereon was reversed by the Appellate Division.

The second trial was had before Mr. Justice Scripture and a jury in April, 1902. At the close of the plaintiff's case the defendant moved for a nonsuit, and the court reserved its decision until after the jury returned a special verdict upon three questions submitted by the court, to wit: (1) Was the plaintiff's intestate free from negligence contributing to his death? (2) Was the defendant guilty of negligence which was the direct cause of the injury to the deceased? (3) What are the damages?

The jury answered the first and second questions in the negative; answer to the third question was unnecessary. Thereupon the court directed a general verdict for the defendant and dismissed the complaint. The plaintiff appealed and the Appellate Division reversed the judgment and order denying motion for new trial and a new trial was ordered. From that order this appeal is taken.

The order states that the reversal is " upon questions of law only, the facts having been examined and no error found therein." The plaintiff moved to amend this order by striking out the words above quoted, which motion was granted. Subsequently the defendant moved for a reargument of the motion to amend the order and the words so stricken out were restored, so that the order now reads as originally made.

The plaintiff neither objected nor excepted to the submission of the three questions to the jury. The only objection and exception she did interpose was to the direction of a general verdict.

This appeal is taken under section 190 of the Code of Civil Procedure, subdivision 1, which reads: " Appeals may be taken as of right to said court (Court of Appeals) * * * from orders granting new trials on exceptions, where the appellants stipulate that upon affirmance, judgment absolute

shall be rendered against them." The stipulation was given herein.

Section 994 of the Code provides when and how exceptions may be taken after close of trial by court or referee, and section 995 reads as follows: " In any other case, an exception must be taken, at the time when the ruling is made, unless it is taken to the charge given 'to the jury; in which case, it must be taken before the jury have rendered their verdict. It must, at the time when it is taken, be reduced to writing by the exceptant, or entered in the minutes."

As the plaintiff neither objected nor excepted to the submission of the three specific questions to the jury, she acquiesced in that mode of disposing of the case, so far as the jury were concerned.

The objection and exception to the direction of a general verdict, based on the jury's answers to the first and second questions that the plaintiff's intestate was not free from negligence contributing to his death, and that the defendant was not guilty of negligence which was the direct cause of injury to the deceased, does not enable the plaintiff to attack these findings. There are no exceptions to the charge of the trial judge that survive these findings of the jury standing in the record unchallenged.

The learned Appellate Division having stated in its order that the judgment and order appealed from were reversed upon questions of law only, we are confined in our review to errors of law to which exceptions were duly taken. (Code of Civil Procedure, § 1337 ; *Vollkommer* v. *Cody*, 177 N. Y. 124, 127.)

We find no error of law sustaining the order of the Appellate Division reversing the judgment dismissing the complaint upon the merits, and the order denying plaintiff's motion for a new trial, and, therefore, reverse the same, and affirm the said judgment and order of the Trial Term, with costs to the defendant in all the courts.

CULLEN, Ch. J., GRAY, O'BRIEN, HAIGHT and VANN, JJ., concur ; WERNER, J., absent.

Order reversed, etc.