GIACOMO BOURG, Appellant, *v.* GENERAL OUTDOOR ADVERTISING COMPANY and Another, Respondents.

First Department, June 24, 1931.

*Thomas J. O' Neill* of counsel [*Leonard F. Fish* with him on the brief; *Abraham J. Friedman,* attorney], for the appellant.

*Emmet Taub* of counsel [*F. A. W. Ireland* and *W. C. Fiest* with him on the brief; *Ireland, Caverly & Hendrickson,* attorneys], for the respondent General Outdoor Advertising Company.

*William L. O'Brien* of counsel [*E. C. Sherwood,* attorney], for the respondent Broadway and Ninety-sixth Street Realty Company.

SHERMAN, J. The complaint having been dismissed, plaintiff appeals. Plaintiff was struck on the head by a large electric light bulb while walking southerly on Broadway, in front of the premises owned by defendant Broadway and Ninety-sixth Street Realty Company. A police officer was standing near him at the time. They looked to find the source from which it came. All of the windows of the building were closed. No bulbs were missing from the signs visible to wayfarers upon the sidewalk.

The roof was then examined. Upon it was a large electrically lighted advertising sign installed and cared for by defendant General Outdoor Advertising Company. While no bulbs were missing from that sign, several were found lying on the roof near the edge fronting on Broadway, which corresponded in size and kind with the one which had struck plaintiff. They were burnt out lamps. A high wind was blowing and the theory advanced by plaintiff is that the particular bulb which struck him was one of the burnt out bulbs which had been allowed to accumulate on the roof near its edge from which it could be blown off by the wind. No precaution had been taken to prevent them from rolling off the level roof. There was evidence that bulbs of that size and character were not used elsewhere in the building. Upon this evidence, a question for the jury arose as to whether or not the defendant General Outdoor Advertising Company was responsible for the fall of the bulb and plaintiff's consequent injury.

The inference of negligence is deducible from the happening of

the accident under the circumstances shown by the proof. It was error to dismiss the complaint as against defendant General Outdoor Advertising Company. There was, however, insufficient proof to warrant the submission of the case to the jury as against defendant Broadway and Ninety-sixth Street Realty Company.

The judgment appealed from should be affirmed, with costs as to the respondent Broadway and Ninety-sixth Street Realty Company, and reversed as to defendant General Outdoor Advertising Company and the action severed and a new trial ordered, with costs to appellant to abide the event.

FINCH, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Judgment affirmed, with costs as to the respondent Broadway and Ninety-sixth Street Realty Company, and reversed as to defendant General Outdoor Advertising Company, the action severed, and a new trial ordered, with costs to appellant to abide the event.