COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on Complaint of ANNA HAMILTON, Appellant, v. JAMES CLAVENS, Respondent.— Order of the Court of Special Sessions of the City of New York, Borough of Brooklyn, adjudging the defendant not to be the father of the child born to the complainant out of wedlock, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Johnston, JJ.

COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on the Complaint of RUTH MILLER, Respondent, v. WILBUR WALKER, Appellant.— Order of filiation of the Court of Special Sessions of the City of New York, Borough of Brooklyn, unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.

FRANK XAVIER DONNELLY, Appellant, v. MARION CECILE DONNELLY, Respondent.— Judgment dismissing the plaintiff's complaint on the merits in an action brought for an annulment of marriage unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ.

MARCUS A. DOWNING, Appellant, v. BROOKLYN and QUEENS TRANSIT CORPORATION, Respondent.— Order denying plaintiff's motion for a preference in the trial of an action to recover damages for personal injuries reversed upon the facts, with ten dollars costs and disbursements, and motion granted, without costs. The plaintiff, now seventy years of age, suffers from physical ailments which, a physician swears, will cause his death within a few months, or at most one year. Nothing appears to show that defendant will be prejudiced by an early trial. We think the plaintiff should have the benefit of a trial, which may be denied him if a preference is not granted. The discretion of the Special [Trial] Term was improvidently exercised. Young, Carswell and Scudder, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent and vote to affirm.

ANNE DRUCKER, Respondent, v. 693 SARATOGA AVENUE CORPORATION, Appellant.— Action by plaintiff, a tenant in defendant's apartment house, to recover damages for burns she received in the bathroom of the apartment house. Judgment in her favor entered on the verdict of a jury. Judgment unanimously affirmed, with costs, pursuant to the provision of section 106 of the Civil Practice Act. While we are of opinion that the failure of the defendant to equip its boiler with a safety valve should not have been left to the jury on the question of negligence, in view of the fact that there was no proof of requirement, in law or by custom, that the defendant should have provided such an equipment on the type of hot water system used by it, the error was harmless and in light of the circumstances it should be disregarded pursuant to section 106 of the Civil Practice Act. The doctrine of res ipsa loquitur clearly applied, as defendant concedes on this appeal. Not only did defendant fail to sustain the burden imposed upon it by that doctrine, but it proved affirmatively that the accident was due to the fact that the boiler was fired too heavily — a matter within its control and for which it was responsible. For the injuries received the verdict was not excessive. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ.

FRIEDA DUNLAP, Respondent, v. CLIFFORD A. CRISPELL, Appellant.— Appeal by defendant from a judgment in plaintiff's favor against the defendant for malpractice and from an order denying defendant's motion to set aside the verdict

and for a new trial. Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.