REGINA N. BRESSLER, Individually and as Administratrix of the Estate of SIMON A. BRESSLER, Deceased, Appellant, *v.* NEW YORK RAPID TRANSIT CORPORATION, Respondent.

Argued January 26, 1938; decided March 8, 1938.

*Stephen Callaghan, Ralph Stout* and *Albert D. Schanzer* for appellant. The trial court properly held that the doctrine of *res ipsa loquitur* applied. (*Witcher* v. *Board of Education,* 233 App. Div. 184; 236 App. Div. 293; *D'Arcy* v. *Westchester Electric Ry. Co.,* 82 App. Div. 263; *DeRoire* v. *Lehigh Valley R. R. Co.,* 205 App. Div. 549; *McDonough* v. *Boston Elevated Ry.,* 208 Mass. 436; *McNamara* v. *Boston & Maine R. R. Co.,* 202 Mass. 491; *Porter* v. *St. Joseph Ry. Co.,* 311 Mo. 66; *Kleinman* v.

*Banner Laundry Co.*, 150 Minn. 515; *Rapp* v. *Butler-Newark Bus Lines*, 103 N. J. L. 512; 104 N. J. L. 444; *Williams* v. *N. Y. & Queens County Ry. Co.*, 97 App. Div. 133; *Cassady* v. *Old Colony Street Ry. Co.*, 184 Mass. 156; *Powell* v. *Hudson Valley Ry. Co.*, 88 App. Div. 133; *Rosenbloom* v. *Brooklyn Heights R. R. Co.*, 153 App. Div. 304; *Partin* v. *Black Mountain Corp.*, 248 Ky. 32.)

*Harold L. Warner* and *George D. Yeomans* for respondent. The trial court erred in applying the doctrine of *res ipsa loquitur*. (*Bressler* v. *N. Y. R. T. Corp.*, 270 N. Y. 409; *Whitcher* v. *Board of Education*, 233 App. Div. 184.)

CRANE, Ch. J. On April 2, 1930, the plaintiff, Regina N. Bressler, was a passenger upon the Brighton Beach line of the defendant's subway system. During the running of the train, and while she was sitting quietly in her seat, a pane of glass broke or shattered, a piece piercing her eye, destroying her sight. For a violation of that duty of care and caution which the railroad owed to her as a passenger, she brought this suit against it for negligence and has recovered a verdict of $15,000.

These facts in themselves made out a *prima facie* case of negligence, which means that in the absence of explanation showing freedom from negligence the law would hold the railroad company liable. This is known as the law of *res ipsa loquitur*, and was stated by us in *Bressler* v. *New York Rapid Transit Corp.* (270 N. Y. 409) to be applicable here. Upon this theory the plaintiff has retried this case and proved these facts.

The defense undertook to meet the presumption arising from the happening of the accident itself, and offered testimony that the glass was broken by boys on the outside throwing stones against it. The trial judge properly left the question of fact to the jury: Had the presumption of want of care and negligence arising from

such an accident to a passenger been overcome by the explanation offered by the defendant? If the explanation were true there was no liability. If the jury did not believe it, the verdict would be for the plaintiff. The jury found for the plaintiff, as above stated.

The plaintiff, in her testimony, did not attempt to show how the accident was caused. The fact that the glass was broken did not show the cause of breaking, nor did she claim on this trial that the broken glass was due to the negligence of the defendant in not discovering it before the train left the yard. All she knows, and all she attempted to testify to, was that while a passenger in the car the glass shattered and she was blinded. This called upon the company to furnish the explanation, which it attempted to do. The plaintiff on cross-examination simply stated the condition of the glass. This had nothing whatever to do with the cause of its flying in her face. The jury did not believe that this was caused by a stone being thrown against it.

The Appellate Division has reversed the plaintiff's judgment and dismissed the complaint, mistaking, we think, the effect of our former decision in 270 N. Y. 409. That reversal was due to the confused charge wherein, as we stated, the jury might have found the defendant liable for the cracked glass or the jerking of a train, neither of which under the circumstances proved negligence. The plaintiff here rests entirely upon the presumption arising from the accident itself, without attempting to furnish any cause or prove the facts of negligence, leaving it to the defendant under the rule of *res ipsa loquitur* to show by evidence the cause of the accident. If upon all the evidence, the presumption upon the one hand, and the evidence for the defendant upon the other, the plaintiff has failed to prove negligence by a fair preponderance of evidence, then she is not entitled to recover. The jury found the evidence preponderating in her favor, and there should have been no reversal.

For these reasons the judgment of the Appellate Division must be reversed, and that of the Trial Term reinstated, with costs. What is here stated applies also to the recovery of $1,500 in behalf of the husband.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; HUBBS, J., taking no part.

Judgment accordingly.