JOHANNA NEUHOFF, Respondent, *v.* RETLAW REALTY CORPORATION, Appellant.

Submitted October 22, 1942; decided December 3, 1942.

*William B. Shelton* and *William J. McArthur* for appellant. The plaintiff failed to prove any negligence on the part of the defendant which was the proximate cause of the accident. (*Foltis, Inc.*, v. *City of New York*, 287 N. Y. 108; *Sandler* v. *Garrison*, 249 N. Y. 236; *Hardie* v. *Boland Co.*, 205 N. Y. 336; *Plumb* v. *Richmond Light & Railroad Co.*, 195 App. Div. 254; *Stasiukiewicz* v. *Marcus Contracting Co.*, 225 App. Div. 54; *Gildea* v. *Harris Fine Realty & Constr. Co.*, 249 App. Div. 775; *Wolf* v. *American Tract Society*, 164 N. Y. 30; *Dittiger* v. *Isal Realty Corp.*, 264 App. Div. 279; *Slater* v. *Barnes*, 241 N. Y. 284; *Silverberg* v. *Schweig*, 288 N. Y. 217.)

*George Ginsburg* for respondent. Plaintiff has made out a *prima facie* case. *Hardie* v. *Boland Co.*, 205 N. Y. 336; *Griffen* v. *Manice*,

166 N. Y. 188; *Slater* v. *Barnes*, 241 N. Y. 284; *Gailbraith* v. *Busch*, 267 N. Y. 230; *Foltis, Inc.*, v. *City of New York*, 287 N. Y. 108.)

FINCH, J.   This is an action for personal injuries.   The issue is whether or not the doctrine of *res ipsa loquitur* is applicable.

The plaintiff was a tenant in defendant's six-story apartment house.   For about three weeks before the accident painters had been engaged in painting the building.   The painting had been ordered by the management.   On the afternoon of the accident, the plaintiff left the house to do some shopping.   Just as she reached the sidewalk, she was struck on the thigh by a paint pail which fell from the apartment house.   She picked up the pail and saw that there was dry white paint inside of it.   She did not see any label on the pail.   Immediately after the accident the superintendent of the building came upon the scene, took the paint pail from the plaintiff and carried in into the apartment house. This pail was not produced at the trial.   Subsequently the superintendent told plaintiff that a boy had thrown the pail from the roof but, upon examination before trial, admitted that he did not know where the pail fell from.   So far as this record shows, the pail may have fallen from any portion of the apartment house, even from a vacant apartment in which painting had been done.

After plaintiff had put in the foregoing evidence and proved the extent of her injuries, both sides rested and moved for judgment.   The trial court gave judgment for the plaintiff, holding that the doctrine of *res ipsa loquitur* was applicable.   The Appellate Division has affirmed, two justices dissenting.

In *Foltis, Inc.*, v. *City of New York* (287 N. Y. 108), this court stated the principle governing the application of the *res ipsa loquitur* rule as follows: " Where the agency which produces the injury is not within the control of the person charged with negligence, or where the occurrence is one which naturally might occur from causes other than his negligence, the inference of his negligence is not fair and reasonable; but wherever there is a combination of those two conditions, *viz.*, control by the person charged with negligence and improbability of the occurrence having happened if he had been reasonably careful, the doctrine applies." (p. 117.)

The two conditions upon which the applicability of the *res ipsa loquitur* doctrine depends, are present in the case at bar.   *First,* defendant had had painters working in the building during the preceding three weeks; immediately after the accident, defendant's

superintendent took possession of the pail that had struck plaintiff and brought it back into the building. From this evidence, the trier of the facts might infer that, at the time when this pail fell from defendant's house, it belonged to defendant or was under the latter's control. *Second,* the trier of the facts might also infer that if defendant had exercised due care in handling or in storing its paint pail, the pail would not have fallen into the street. Upon these facts it would seem that the plaintiff made out a *prima facie* case of negligence and that the defendant should thereupon have come forward with its explanation.

It follows that the judgment appealed from should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment affirmed.