EDITH L. NICKISCH, Plaintiff, v. MADISON-34TH STREET CORP., Defendant.

City Court of the City of New York, Trial Term, New York County, September 13, 1944.

*Abraham Kantor* for plaintiff.

*William Cohen* and *Irving Segal* for defendant.

SCHIMMEL, J. Plaintiff is an office employee of a tenant occupying a suite of rooms in an office building owned and controlled by defendant. These rooms, under lease to plaintiff's employer, are not within defendant's immediate control, except when it is required to furnish cleaning service. The evidence shows that each night, after office hours, women cleaners, employed by defendant, enter the offices and clean them. When the rooms in which plaintiff works are closed for the day the window shades are customarily left in a raised position but the cleaners draw them during the night, so that each morning plaintiff and her fellow employees find them lowered. It was established that on the afternoon of May 26, 1943, at about five o'clock plaintiff departed for the day, observing that the shades were raised as usual. She and her sister, a fellow employee, were the last to leave; they locked the office door. When plaintiff returned the next morning she found that the shades had been drawn during the night as usual, and she proceeded to pull them up. As she attempted to raise one of the shades, giving it, as she testified, " just a soft pull in order to get it up ", the shade, apparently with its roller, fell upon her, breaking the bones of her nose and causing her to suffer substantial injuries, which subsequently necessitated an operation, also leaving a small but definite scar.

The fact that the window shades had not been drawn when the office was locked by plaintiff on the day before the accident, and the further fact that the shades were customarily lowered during the night by defendant's employees, who had access to the office in order to do the cleaning, have been proved by testimony, the qualitative effect of which is such that I am obliged to credit it. I therefore find that the shade in question

was drawn by an employee of defendant during the night before the happening of the accident. There is no evidence that there was anything wrong with the shade, roller or brackets, and of course no proof of notice to defendant of a need for repairs. There is no reason to suppose that the shade, roller or brackets were defective.

However, the last person to manage the shade before the occurrence of the accident was defendant's employee, and in the absence of any showing to the contrary, it is fairly to be inferred that in handling the shade that employee in some way dislodged the roller from its brackets and did not properly replace it. Although we cannot know what actually happened, we may draw the inference that the shade and roller were left by defendant's employee in an insecure or unattached position

Defendant rested upon plaintiff's case, moving to dismiss the action for failure of prima facie proof. It seems to me that it was incumbent upon defendant to call its employee, the cleaner, who was the last person to operate the shade, or at least to explain its failure to do so. The fact that defendant did not choose to call this employee, and did not show any reason for not doing so, requires me to take the evidence in the case most strongly against it, and to find that plaintiff's injuries were brought about by some negligent act or omission of said employee in relation to the shade. I think that the plaintiff proved a prima facie case.

In *Noone* v. *Perlberg, Inc.* (268 App. Div. 149, 153–154) the court said: " As stated by Lord MANSFIELD, C. J., in *Blatch* v. *Archer,* 1 Cowp., 63, 66: ' It is certainly a maxim that all evidence is to be weighed according to the proof which it was in the power of one side to have produced, and in the power of the other to have contradicted.' (2 Wigmore on Evidence, [3rd ed.] § 285, p. 163 *et seq.*) " This plaintiff produced substantially all of the proof which it was within her power to present and defendant failed to offer any evidence, although presumably it was in a position to explain what, if anything, had occurred during the night, when it, through its employees, was in control of these offices.

As was said in *Dittiger* v. *Isal Realty Corp.* (290 N. Y. 492, 495): " Traditionally the courts have used the rule of *res ipsa loquitur* in cases of injuries from falling objects. Most such cases involve injuries to persons walking or driving on public streets. [Citing cases.] This court has been at pains, however, to point out the fallacy of the view that the maxim ' is one specially designed for cases in which a traveler is injured

while on a public highway, or while he is a passenger in the conveyance of a common carrier.' (*Marceau* v. *Rutland R. R. Co.,* 211 N. Y. 203, 206.) "

Control by the defendant of the instrument of the tort seems to be essential to the application of the principle of *res ipsa loquitur,* but there is no requirement that such control shall have obtained for any given length of time; it should suffice if defendant has been in control long enough to make it reasonable to infer that its negligent act or omission caused the trouble. This defendant was in control of the offices during the night before the accident and its employee is proved to have been the last person to have manipulated the shade. It is therefore not unreasonable to require it to come forward with evidence to absolve itself of liability. What was said in the *Dittiger* case (*supra,* p. 496) is pertinent here: " Our holding that this is a *res ipsa loquitur* case imposes on the owner no intolerable burden of absolute liability. It means only that the defendant was put to the necessity of coming forward with an explanation of the accident so as to overcome the implications resulting from plaintiff's proof." If defendant knew what caused the accident, if it knew anything about the condition or position of the shade and roller when its employee closed and left the offices for the night, it should have come forward to tell what it knew; if it did not know, if to the best knowledge of the cleaner the shade was in proper place when she drew it, defendant could have made the cleaner a witness. The following cases seem to me to sustain the conclusion that the plaintiff has made out a prima facie case: *Dittiger* v. *Isal Realty Corp.* (*supra*); *Bressler* v. *New York Rapid Transit Corp.* (277 N. Y. 200); *Griffen* v. *Manice* (166 N. Y. 188); *Mullen* v. *St. John et al.* (57 N. Y. 567); *Bourg* v. *General Outdoor Advertising Co.* (232 App. Div. 601).

Judgment may be entered in favor of plaintiff and against the defendant in the sum of $1,250.