ROBERT ALTMAN, Plaintiff, *v.* CENTRAL NEW YORK BUILDING
CORP. et al., Defendants.

Municipal Court of the City of Syracuse, March 28, 1951.

*Eugene H. Klein* for plaintiff.

*William J. Mackay* for defendants.

SKERRITT, J. This is a motion by the defendant, Central New York Building Corporation, to set aside a verdict of $1,500 for the plaintiff, on the ground that the verdict was inconsistent, in that the jury found said corporate defendant to be negligent, but found no negligence on the part of its employees, the codefendants.

The plaintiff, a tenant in a large apartment building owned and operated by the corporate defendant, brought this negligence action for damage to his furniture and other property in the apartment caused by steam, which filled the apartment when the janitor, codefendant Suits, turned on the steam heat in September, 1950, during plaintiff's absence. The steam came from a radiator pipe which Suits accidentally left open when he removed the radiator in July for plaintiff's convenience in redecorating the apartment.

In support of this motion counsel has emphasized three cases: *Thibodeau* v. *Gerosa Haulage & Warehouse Corp.* (252 App. Div. 615, affd. 278 N. Y. 551); *Pangburn* v. *Buick Motor Co.* (211 N. Y. 228), and *Frascone* v. *Louderback* (153 App. Div. 199, affd. 208 N. Y. 631). In each of these cases a corporate defendant owned a motor vehicle which was operated by its employee; and the verdict, holding the defendant owner liable for negligence, and finding the driver free from negligence, was set aside as inconsistent, since the only possible theory on which the owner could be held would be the negligence of its driver. If he was not negligent, his employer could not be.

These cases, however, based upon the rule of *respondeat superior,* do not apply to the case at bar, where the corporate defendant was the owner of a large apartment building in which the steam heating equipment was at all times under the owner's exclusive management and control. Where under these circumstances an accident occurs in the use of such equipment, which ordinarily would not occur without negligence, and the injured plaintiff is free from negligence, the doctrine of *res ipsa loquitur* raises a presumption of negligence on the part of the defendant owner, and casts upon him the burden of coming forward with an explanation satisfactory to the jury. In our case the only explanation was that the individual defendants, employees, were free from negligence. The jury refused to accept this as a satisfactory rebuttal to the presumption of negligence against the owner, which presumption was raised by inference from the undisputed facts, under the doctrine of *res ipsa loquitur.*

On this decisive point the following authorities may be noted: *Griffen* v. *Manice* (166 N. Y. 188); *Foltis, Inc.,* v. *City of New York* (287 N. Y. 108); *Kessler* v. *The Ansonia* (253 N. Y. 453); *Drucker* v. *693 Saratoga Ave. Corp.* (245 App. Div. 760); *Solar* v. *Realty Sureties* (228 App. Div. 771, affd. 255 N. Y. 557); *Dittiger* v. *Isal Realty Corp.* (290 N. Y. 492); *Neuhoff* v. *Retlaw Realty Corp.* (289 N. Y. 293); *Nickisch* v. *Madison-34th St. Corp.* (185 Misc. 25, affd. 185 Misc. 108, affd. 269 App. Div. 932, affd. 295 N. Y. 833); *Bressler* v. *New York Rapid Tr. Corp.* (277 N. Y. 200); Prosser on Torts (1941 ed., § 44), and Wigmore on Evidence (3d ed., Vol. 9, § 2509, and New York cases cited, pp. 385-386).

In the *Drucker* case (245 App. Div. 760, *supra*), where a tenant in defendant's apartment house was burned by steam and hot water in the bathroom, defendant's negligence was inferred from the facts under an express recognition of the doctrine of *res ipsa loquitur.* In the *Kessler* case (253 N. Y. 453, *supra*), where a tenant's furniture was damaged by steam from a pipe that burst, defendant's negligence was inferred regardless of a protecting clause in the lease. In the *Solar* case, above cited, where an infant was burned by steam and hot water in the bathroom, defendant's liability was based on a similar inference of negligence. Likewise, in the above-cited *Neuhoff* case, and the *Nickisch* and *Bressler* cases, this broad inference of negligence was applied under varied circumstances where the conduct of employees had little to do with defendant's liability.

In the *Bressler* case (277 N. Y. 200, 201-202, *supra*), for example, the court said: "These facts in themselves made out a *prima facie* case of negligence, which means that in the absence of explanation showing freedom from negligence the law would hold the railroad company liable.  *  *  *  The plaintiff here rests entirely upon the presumption arising from the accident itself, without attempting to furnish any cause or prove the facts of negligence, leaving it to the defendant under the rule of *res ipsa loquitur* to show by evidence the cause of the accident."

As to the charge in the instant case, I think it was entirely correct, including that part in which the jury were instructed that they might dismiss the complaint; or might hold one defendant and not the other two; or two defendants and not the third; or that all three might be held. Counsel for the corporate defendant doubtless recognized at the time that the charge was correct; that it was not unfavorable to his client; and that an exception or request as to the point raised on this motion might properly

result in a further explanation of negligence to the jury, including this *res ipsa* doctrine. He accepted the charge as given, and wisely refrained from comment.

His silence, however, which did his client no harm, is fatal to this motion. It is well settled that requests and exceptions must be taken at the conclusion of the charge or before the verdict is received; and that unless so taken a party cannot thereafter complain. (4 Carmody on N. Y. Practice [2d ed.], pp. 3079–3086; 4 Wait's New York Practice [4th ed.], pp. 246, 247, 324; 6 Nichols-Cahill, New York Practice Acts, pp. 235–239; Civil Prac. Act, § 446; Abbott's Civil Jury Trials [5th ed.], pp. 1054–1062; *Buckin* v. *Long Is. R. R. Co.*, 286 N. Y. 146; *Cooper* v. *New York, O. & W. Ry. Co.*, 180 N. Y. 12.) In this *Buckin* case, for example, where plaintiff's counsel failed to take exception as to a serious error in the charge, the court held that the plaintiff was bound by that error, since the charge as given became the law of the case. Likewise in the *Cooper* case (*supra*, p. 15) the court said: '' As the plaintiff neither objected nor excepted to the submission of the three specific questions to the jury, she acquiesced in that mode of disposing of the case, so far as the jury were concerned.''

In the instant case, considering the trial as a whole, there was no objection to the admission or exclusion of evidence on any material question of fact. There was no objection to the charge until after the verdict was received, except on a minor point not relevant to this motion. And there is no question as to bias or prejudice on the part of any juror. Under such circumstances a verdict cannot be disturbed, unless clearly inadequate or excessive, or unless there is such a preponderance of evidence against the verdict as to satisfy the court that the jury was entirely mistaken. Since the judgment of the court cannot be substituted for that of the jury on a question of fact, the general rule has often been affirmed that a verdict can be set aside only where it is so erroneous as to be unconscionable or shocking. (4 Carmody on N. Y. Practice [2d ed.], § 1415; *Hogan* v. *Franken*, 221 App. Div. 164; *Dashnau* v. *City of Oswego*, 204 App. Div. 189.)

In the instant case I am satisfied that the charge was entirely correct, and that the verdict should not be disturbed. Motion denied.