RAY SEIDLIN, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

City Court of the City of New York, Trial Term, Bronx County, April 16, 1951,
on reargument May 8, 1951.

*Solomon Badesch* for plaintiff.

*John P. McGrath, Corporation Counsel (Israel J. Eisert* of counsel), for defendant.

SULLIVAN, J. While seated in a Lexington Avenue subway train on Wednesday, April 19, 1950, at 10:30 A.M., the plaintiff was struck in the face by a piece of wood about a foot long and two to three inches in diameter as the train moved along the 86th Street platform. A man seated beside her testified he saw an object pass him and strike her. Neither knew just what it was and where it came from. It was not produced at any time. No report of the occurrence was made to anyone. The first knowledge the defendant had was the notice of claim. Upon these uncontradicted facts, a jury (10 to 2) awarded the plaintiff $75 for facial bruises and loosened teeth requiring medical and dental treatments. Obviously such a verdict cannot stand.

Accepting as true every fact testified to, there appears to be no liability on the part of the defendant for this unfortunate happening.

Rightfully the defendant requests disposition of its various motions whereon decision was reserved. There appears to be no basis in fact or in law for the verdict rendered. Patently sympathy motivated the jury in making a token allowance contrary to the court's instructions of what the law required of the plaintiff to establish liability and damage in addition to the physical injuries she sustained.

There is no proof of failure safely to transport or of any active or passive negligence; merely an unaccounted for accident.

The verdict is set aside as contrary to law. The defendant's motion at the end of the plaintiff's case to dismiss the complaint for failure of proof is granted. Exception. Ten days' stay; thirty days to make a case.

(On reargument, May 8, 1951.)

The authority (*Bressler* v. *New York R. T. Corp.*, 277 N. Y. 200) strongly relied upon by the plaintiff that her case is one of *res ipsa loquitur,* is offset by the authority (*Paolantonio* v. *Long Island R. R. Co.*, 300 N. Y. 640), cited by the defendant, that this is not a *res ipsa* case.

Factually, neither authority appears applicable herein. Nor is the case of *Holbrook* v. *Utica & Schenectady R. R. Co.* (12 N. Y. 236) in point of fact. The plaintiff is asking that an inference be drawn from the testimony of herself and her witness that does not appear warranted. Each case of this kind must be decided upon its own particular facts. Without identity of the thing that struck her or that it was within the exclusive control of the defendant, the plaintiff did not establish a prima facie case and her complaint was dismissed for failure of proof.

In the previous disposition herein appears this statement: "There is no proof of failure safely to transport or of any active or passive negligence; merely an unaccounted for accident." That statement is as true now as it was then. The disposition heretofore made was comprehensive and finally determinative.

The motion for a reargument is entertained and granted. As requested, the facts and the law have been reconsidered. After so doing there appears to be no reason for a change of the disposition already made herein. Motion denied. Order signed.