THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EUGENE E. BACON, Appellant.

County Court, Tioga County, October 11, 1954.

*Benjamin Evans Dean* for appellant.

*Herbert H. Smith, District Attorney (Lewis B. Parmerton* of counsel), for respondent.

CLOHESSY, J. Defendant was convicted after a jury trial in the Police Justice Court of the Village of Owego of the charge of operating a motor vehicle while in an intoxicated condition in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law. The court imposed a fine of $100 which was paid. From that judgment of conviction the defendant has taken this appeal in which he alleges several errors.

He claims that after the case was submitted by the court to the jury for determination and the jury had retired the officer in charge entered and remained in the same room with the jurors during their deliberations. This not having been disputed by the People must be taken as true.

The return shows that the officer had been properly sworn in accordance with the provisions of section 713 of the Code of Criminal Procedure. There is nothing in the record to show that he spoke to or communicated with the jury or that his presence influenced any member of such body.

Nevertheless there is an angle which commands attention. Four witnesses were called by the prosecution. Two were physicians who testified concerning the chemical test of blood from the defendant as to alcoholic content. Two were police officers and members of the Owego Police Department, and one of whom made the arrest in the presence of the other and preferred the charge. The case of the People depended to the greater part upon the testimony of those two police officers.

The officer in charge of and present with the jury was a member of and on active duty in the same police department. Such membership may have a tendency to magnify the fact of the presence of the police officer with the jury.

The question of guilt or innocence of defendant, the nature of the crime and the identity and social standing of the accused person are not under consideration. There is no question as to the honesty, fairness and sincerity of the jury and police officer.

Something more important and vital is at hand. There are at stake some of those substantial and fundamental rights which constitute a fair trial — privacy and secrecy for and freedom of action and expression by the jury during their deliberations. Likewise there is the duty to insure and enforce that practice which avoids cause for suspicion and makes certain such rights.

No law has come to my attention which prohibits the presence

of the officer with the jury so long as he does not speak or communicate with them unless it be to ask whether they have agreed upon a verdict. Because the law does not say the officer cannot be present is no reason that he should be there.

When the jury retire from the presence of the court it is in order that they may have the opportunity for private and confidential discussion. The necessity for this is assumed in every case and the jury sent out as of course. The presence of a single other person in the jury room is an intrusion upon this privacy and confidence and tends to defeat the purpose for which they are sent out.

The better practice does not favor or sanction the presence of the officer with the jury after the case has been submitted to them for deliberation and decision. The underlying thought is that the jury should be alone with incidental privacy and secrecy and without reason or cause for restraint upon freedom of action and expression.

The only proper and just course, as stated in *People* v. *Knapp* (42 Mich. 267), is to insist on a rigorous observance of the proper practice in order to prevent all occasion for injurious suspicions. The public is concerned in this as well as the accused. Likewise the protection of the citizen and the maintenance of his constitutional rights is one of the highest duties of the court (*Kalwin Business Men's Assn.* v. *McLaughlin*, 216 App. Div. 6).

One cannot assume that the presence of the officer with the jury in this case did not have some effect. His mere presence necessarily meant something. At least it did deprive the deliberations of the jury of privacy and secrecy. Such presence, in itself, therefore, was sufficient to prejudice the substantial rights of defendant.

Judgment of conviction of the Police Justice Court of the Village of Owego is reversed and a new trial ordered in the County Court of Tioga County. Reversal is for errors of law only with facts not examined.