Abraham N. Geller, J.
This is a negligence action, tried without a jury, to recover for personal injuries sustained at about 2:00 p.m. on September 20, 1955, by plaintiff, a young-woman, when leaving the restaurant premises operated by defendants Isidore Kassof and Julius Kassof, doing business as Lonny’s Coffee Shop, and Kassof Corporation (all hereinafter referred to as “Lonny’s”) located on the street floor of premises known as 18 East 46th Street which are situated on the south side of the street, between Fifth and Madison Avenues, borough of Manhattan, city and State of New York. Said premises were owned by defendant Temp Realty Corporation (hereinafter referred to as “ Temp ”).
Lonny’s restaurant occupies the entire street frontage of said premises, except for a narrow, public passageway on the west side of the premises, leading to the entrance of the building-proper, which entrance is set back a distance from the building line. The entrance to the restaurant from the sidewalk is through a three-quarter inch Herculite glass door into a glass enclosed véstibule (about three feet wide by five to six feet, irregular). The east side of said vestibule contains another glass door which leads into the restaurant proper. The west side of the vestibule is bounded by a glass partition (about nine and one-half feet high by six and one-half feet wide), beginning at the front of the building and extending back into the public passageway, which forms the front part of the easterly wall of said passageway. This glass wall or divider, of clear one-quarter inch glass mounted in an aluminum or metal frame, was installed by Lonny’s.on or about June 1, 1955, and was inspected and approved by Temp.
As plaintiff, who is about six feet tall, was leaving the restaurant through the glass enclosed restaurant vestibule, after paying her luncheon check at the cashier’s desk, a rain of glass suddenly fell upon her from the glass divider, which is the common wall between the restaurant vestibule and the said public passageway, and seriously injured her left leg.
Plaintiff introduced no proof of the cause of the accident nor direct evidence of negligence on the part of defendants. Plaintiff’s argument based upon the rule of res ipsa loquitur is that an inference may, and should be drawn from the undisputed proof of the falling glass that the defendants were negligent. The defendants’ argument, on the other hand, is that the evidence introduced by them establishes that the glass was shattered by an unidentified pedestrian who walked into the glass wall, and that this evidence rebuts any inference of negligence on defendants’ part.
*518 Defendant Isidore Kassof first testified that an unidentified pedestrian ran into the glass wall and cracked it. Later, changing his testimony, he testified that the unidentified pedestrian — about five feet seven inches in height, walked into the glass wall after turning into the public passageway from the direction of Fifth Avenue. Although the said defendant claimed to have seen the unidentified pedestrian from a position near the inside vestibule door, having gone there from behind the cashier’s counter, the credible testimony of plaintiff’s luncheon companion (a fellow employee) as well as of the plaintiff, established that at the time plaintiff was injured the said defendant must have been at the cash register from which he could not have observed the alleged, unidentified pedestrian. The said defendant’s further testimony that said pedestrian, after coming into the restaurant, left the premises without his identity having been ascertained or awaiting medical attention, likewise is incredible in view of all the circumstances.
One of Lónny’s waitresses, who was then clearing the front counter, also testified that she saw a pedestrian walk into the glass wall, although she did not see the said defendant Kassof, who claimed to be a few feet from her (and evidently in her direct line of vision), while both were allegedly watching the scene of the accident. The evidence shows that plaintiff received first aid near the front restaurant counter, the waitress’ station. Nevertheless, this witness testified that she remained at her station clearing the counter and did not see any of the first aid being administered to the plaintiff in the restaurant.
The policeman who arrived at the restaurant shortly after the accident, testified that plaintiff then stated that a man fell or was pushed into the glass wall, although plaintiff was bleeding profusely and in shock at that time.
The broken glass which fell from the glass wall and struck plaintiff, left a jagged hole about two feet by three feet, the center of which hole was over six feet from the ground. That such a hole could have resulted at the height it did, from a man five feet seven inches in height walking into the glass wall, is inherently implausible. Furthermore, both plaintiff and her luncheon companion, testified that they did not see the alleged, unidentified pedestrian in the public passageway near the glass wall.
The court has carefully weighed the opinion evidence of the glaziers who installed the glass wall three months prior to the accident, to the effect that the glass wall could only have been broken by the application of an external force, thereby attempting to support the defendants’ contention that an unidentified *519 pedestrian walked into the glass wall. The court having observed the demeanor of these witnesses and having considered all the circumstances which bear upon the weight of their testimony, does not accept the glaziers’ contention as a sound hypothesis.
The court, as trier of the facts, finds that the testimony is defendants’ witnesses as to the cause of the falling glass is wholly unworthy of belief and that defendants’ purported explanation of the falling glass should be rejected. So far as the record in this case discloses, the court is satisfied, and finds that the cause of the shattering of the glass has not been shown by credible and believable evidence by any of the parties.
Common sense dictates that a number of factors, including possible defects in the glass itself, or improper construction and maintenance of the glass wall, or vibrations resulting from the opening and closing of the Herculite front door of the restaurant or otherwise, or the location and fragility of the glass wall, may have been, singly or in combination, the cause of the shattering of the glass wall, which, as stated above, was erected only three months prior to the accident.
Furthermore, even if the glass wall had been broken by a pedestrian walking into it, a finding of defendants’ negligence would not be precluded thereby. The very architectural design and layout of the small restaurant vestibule and the narrow public passageway with a common wall of glass of only one-quarter inch thickness, the bottom of which was only slightly above ground level, may well have been faulty. The broad expanse of clear glass, nine and one-half feet in height by six and one-half feet in width, may have resulted during daylight in an illusion of open space to people going to and from the restaurant or the building, and may well have constituted a dangerous condition which foreseeably contributed to the shattering of the glass wall (Shannon v. Broadway & 41st St. Corp., 298 N. Y. 589; Myar v. Howard, Johnson Restaurant, N. Y. L. J., May 25, 1956, p. 6, col. 6; Grabel v. Handro Co., N. Y. L. J., June 15, 1955, p. 10, col. 7).
Although the courts have applied the rule of res ipsa loquitur in a variety of situations involving personal injuries from falling glass (cf. Bressler v. New York R. T. Corp., 277 N. Y. 200; Vogel v. Union Dime Sav. Bank, 221 App. Div. 881, affd. 247 N. Y. 595; Pearson v. Ehrich, 148 App. Div. 680; Whitcher v. Board of Educ., 236 App. Div. 293), the application of the rule depends upon the facts in each case.
Res ipsa loquitur is a rule of evidence. This rule relieves a plaintiff from the burden of producing direct evidence of *520 negligence, but it does not relieve a plaintiff from the burden of proof that the person charged with negligence was at fault. This burden of proof, however, may be met by a showing that the instrumentality which produced the injury was under the control of the persons charged with negligence and that it is improbable that a particular accident would have happened if those persons had been reasonably careful (George Foltis, Inc. v. City of New York, 287 N. Y. 108; Neuhoff v. Retlaw Realty Corp., 289 N. Y. 293). The rule of res ipsa loquitur is not rendered inapplicable by a defendant’s explanation of an accident which is rejected by the trier of the facts (George Foltis, Inc. v. City of New York, supra; Bressler v. New York R. T. Corp., supra).
The court finds as a fact that both Lonny’s, the lessee and operator of the restaurant, and Temp, the owner of the premises, were in joint control of the glass wall between the restaurant vestibule and the public passageway. Consequently, each was under a duty to properly maintain the glass wall in a safe condition and to provide safe passage to persons using either the restaurant vestibule or the public passageway. (Cf. Olivia v. Gouze, 285 App. Div. 762, affd. 1 N Y 2d 811; Schroeder v. City & County Sav. Bank, 293 N. Y. 370.) The court further finds, upon a common sense appraisal of the facts and circumstances immediately attendant upon the occurrence which resulted in plaintiff’s injuries, that there is a strong probability that the accident would not have occurred if defendants had exercised reasonable care. From these facts and defendants’ duty of providing plaintiff with safe passage, the court draws an inference of defendants’ negligence. The defendants are liable as joint tort-feasors and are in pari delicto as to each other (Olivia v. Gouze, supra).
The falling glass severed the Achilles tendon of plaintiff’s left leg and caused her prolonged pain and suffering. Plaintiff was confined to a hospital for seven weeks and was totally or partially disabled from earning her livelihood for over a year. Plaintiff’s injuries have left her with a scar above the injured tendon and a slight limp.
The special damages established by plaintiff exceed $3,800, inclusive of hospital bills, doctor’s bills and loss of earnings.
In view of all the circumstances and of the evidence adduced at the trial, the court awards plaintiff judgment against the defendants in the sum of $17,500. The_ cross complaints of the defendants against each other are dismissed.
This constitutes the findings of fact and conclusions of law under section 440 of the Civil Practice Act,