Harold Baer, J.
This case was tried before the court and a jury. A motion to dismiss was made by the defendant at the close of the plaintiff’s case and at the close of the entire case. Decision on these motions was reserved.
The plaintiff, while walking on a city street, was hit on his head by a block of wood and rendered unconscious. The accident occurred under a scaffold or shed constructed in connection with the demolition of a building. The day of the occurrence was a holiday and work was not in progress. Witnesses testified to finding the plaintiff unconscious; a block of wood lying next to him; an opening in the shed directly above the inert plaintiff.
*127 The defendant rested without offering any testimony. In an examination before trial, exclusive control of the shed and construction thereof was admitted as well as that defendant had undertaken the demolition job some time prior to the accident.
The motions to dismiss the complaint are denied. Judgment may be entered on the verdict of the jury. There was sufficient evidence, though circumstantial, from which the jury could infer negligence of the defendant as the cause of this accident. There was no issue of contributory negligence.
The jury was charged on negligence and circumstantial evidence. They were not charged on the doctrine of res ipso loquitur. However, the application of the law is similar. From the evidence the jury might infer that the block of wood came from above; that the shed and the block of wood were both under control of defendant; that if defendant had exercised due care, the wood would not have fallen upon the public street. At least, these facts made out a prima facie case and the defendant should have come forward with some explanation. (Foltis, Inc. v. City of New York, 287 N. Y. 108; Neuhoff v. Retlaw Realty Corp., 289 N. Y. 293; Allen v. Stokes, 260 App. Div. 600.)
It was for the jury to say what inference should be drawn from the evidence (Warren v. New York, Ontario & Western Ry. Co., 209 App. Div. 211, 213) and they accepted the inferences urged by the plaintiff which they had a right to do.
The plaintiff does have the burden of proving his case by a preponderance of the credible evidence. This evidence may be circumstantial if from such evidence the jury can reasonably infer defendant’s liability. There is no need for plaintiff’s proof to exclude or eliminate every other possible cause of the occurrence. (Brodsky v. Margulies, 174 N. Y. S. 179; Rosenberg v. Schwartz, 260 N. Y. 162, 166; Ingersoll v. Liberty Bank of Buffalo, 278 N. Y. 1, 7; Allen v. Stokes, supra.) The jury was so charged and neither plaintiff nor defendant took exception to the court’s charge.
Ten days’ stay; 60 days to make a case.