Jacob J. Schwartzwald, J.
This decision is made pursuant to section 440 of the Civil Practice Act.
The ease was tried before the court without a jury and, with the consent of all of the parties, on the question of liability only.
The plaintiff Olga Corcoran, while walking along the sidewalk on the 10th day of March, 1957, at about 10:00 a.m., in front of premises 2052 and 2054 Flatbush Avenue, Brooklyn, was struck by a board and injured. The accident occurred in front of the Banner Super Market, Inc., store, the lessee, on a Sunday when the store was closed. The original complaint set forth certain facts as to the manner of the happening of the accident but thereafter amendments to the complaint as well as the right of the defendant Banner Super Market, Inc., to serve an amended answer and a cross complaint were permitted, as shown in the record. The defendants Francis J. Phelan et al. did not object to the amendment of the complaint to include a board but defended on the factual ground that a change was made and that the court should take into consideration the question of whether or not it was a board or a sign, on the issue of the credibility of the plaintiff.
The plaintiff proceeded on the theory of res ipsa loquitur. The defendant Banner Super Market, Inc., contended that under that theory the plaintiff could not hold the said defendant because pursuant to the lease between the defendant Banner and the defendants Francis J. Phelan et al., the said defendant Banner was not in control and, therefore, there being no notice of any defective condition, the said defendant could not be liable; and further contended that in the event that the court held the said defendant Banner liable it should have judgment on its cross complaint against the defendants Francis J. Phelan et al. for any recovery had by the plaintiff. The defendants Francis *397 J. Phelan et al. contended that the hoard which struck the plaintiff was not part of the defendants’ property, that they were not in control and that no notice had been shown of any defective condition for which they might be responsible.
The court is of the opinion that the theory of res ipsa loquitur is applicable; that the circumstances as testified to by the witnesses and as shown in the record were such as to permit the court to find that the board struck the plaintiff and injured her. (Taibi v. Berk, 8 Misc 2d 126; Foltis, Inc. v. City of New York, 287 N. Y. 108; Neuhoff v. Retlaw Realty Corp., 289 N. Y. 293.) The defendant Banner, pursuant to the terms of the lease, was not in control of the condition complained of by the plaintiff and, therefore, could not be held under the res ipsa theory, and further, pursuant to the specific terms of the lease, there was no duty upon the defendant Banner to maintain the condition complained of or to make any repairs.
The defendants Francis J. Phelan et al., owners of the premises, were at all times in control of the said premises and the specific condition complained of. The contention of the defendants Phelan et al. that the board was not upon the property of the said defendants might have been successfully raised if the said defendants had not brought as their own witness Mr. McElroy, a surveyor, who testified that the board which covered the space between the two buildings 2052 and 2054 was 5% inches wide and that one inch thereof belonged to 2054. The testimony shows that the said board which covered the space between the two buildings was part of the decor of the building and had an aesthetic value, and, therefore, was beneficial to the said defendants.
The owner of 2052 Flatbush Avenue is not before the court and cannot be adjudged. However, as was held in Wold v. Grozalsky (277 N. Y. 364), each building was equally liable for contribution. (See, also, Simmons v. Everson, 124 N. Y. 319.)
The motions made by the defendant Banner Super Market, Inc., at the end of the plaintiff’s case and at the end of the entire case are granted with an exception to the plaintiff and the defendants Francis J. Phelan et al. The cross complaint of "Banner is dismissed.
The motions made by the defendants Francis J. Phelan et al. at the end of the plaintiff’s case and at the end of the entire case are denied and judgment is granted to the plaintiff against the said defendants, with an exception to the said defendants.