Thomas A. Aurelio, J.
This is an action for personal injuries sustained by the plaintiffs. On September 16, 1958, at about 11:30 a.m., while plaintiffs, who were employed by the Matthews Construction Company, were lawfully in premises 200 East 15th Street, New York City, said building, which was owned by the defendant herein, collapsed upon the plaintiffs. In essence, the foregoing facts were established by plaintiffs who rested their case upon the theory of res ipsa loquitur in that there is an inference of negligence by the mere happening of such an accident. In defense, the representatives of the defendant testified that the Matthews Construction Company was hired by the defendant to demolish the said premises. That the employees of said demolition company had entered upon the premises for the first time at 8:00 a.m. on the date of the accident. It was further established that while plaintiffs were working on the third floor of the premises, other employees of the Matthews Construction Company were working elsewhere in the building when the collapse occurred. The defendant had exercised no supervision or control over the manner in which the premises were to be domolished.
Bes ipsa loquitur is a rule of evidence. This rule relieves a plaintiff from the burden of producing direct evidence of negligence, but it does not relieve a plaintiff from the burden of proof that the person charged with negligence was at fault (George Foltis, Inc., v. City of New York, 287 N. Y. 108). When a prima facie case is presented, the defendant is required to come forward with evidence explaining the event and disproving negligence. If a satisfactory explanation is offered by the defendant, it is incumbent upon the plaintiff to rebut it by evidence of negligence (Gross v. Temp Realty Corp., 6 Misc 2d 516, revd. 5 A D 2d 825).
The law is well established that ‘ ‘ the exclusive control by the defendant of the instrumentality causing the injury is an essential ingredient of proof to be established before the doctrine of res ipsa loquitur can be applied ” (Schwartz v. Tishman Co., 147 N. Y. S. 2d 71, citing Slater v. Barnes, 241 N. Y. 284; Silver v. Dry Dock Sav. Inst., 261 App. Div. 283; George Foltis, Inc., v. City of New York, supra). There must be a showing that at *1077 the time of the occurrence there was the element of exclusive user, or exclusive possession or control, or exclusive knowledge in the defendant of the care exercised in the use, management or control of the agency causing the accident (Simpkin v. A. V. J. Realty Corp., 206 Misc. 809; George Foltis, Inc., v. City of New York, supra; Galbraith v. Busch, 267 N. Y. 230).
Upon all the evidence adduced before me, I find that the defendant herein did not have such exclusive possession, control and oversight of the subject premises, the collapse of which caused injuries to the plaintiffs, as to make applicable the rule of res ipsa loquitur. At the time of the accident, plaintiff’s employer, the demolition company, was in complete control of the subject premises, while other coemployees were working in and about the premises and consequently the defendant cannot be held accountable for the injuries sustained by plaintiffs. The plaintiffs having failed to establish the negligence of the defendant, the complaint is dismissed on the merits.