■ Andrew Beveridge, Plaintiff, v. Jesse Spier et al., Defendants. (Action No. 1.) Jesse Spier, Appellant, v. Daniel Brinn et al., Respondents. (Action No. 2.) Margaret Kiely, Plaintiff, v. Daniel Brinn et al., Defendants. (Action No. 3.) Michael Brinn et al., Appellants, v. Jesse Spier, Respondent. (Action No. 4.) Jesse Spier, Appellant, v. Daniel Brinn, Respondent. (Action No. 5.) — Judgment entered December 8, 1965, in consolidated action, setting aside jury verdict in favor of Jesse Spier as against defendants Daniel Brinn and Michael Brinn (Action No. 2), unanimously reversed on the law and on the facts, and the verdict is reinstated; likewise in Action No. 5 the judgment is unanimously reversed on the law and on the facts and the verdict reinstated; and the judgment in favor of Jesse Spier in action brought against him by plaintiffs Michael Brinn and Daniel Brinn (Action No. 4), affirmed, with one bill of $50 costs and disbursements in favor of Spier. The trial court was in error in finding Spier guilty of contributory negligence as a matter of law. On the record before us, this was properly a question of fact for the jury to determine. The testimony that the view of the intersection was limited by the curvature of East 135th Street, that an adjacent building

further obscured the view, that Brinn came on "at a very, very great rate of speed", and that Spier already was in the intersection, all prevent a determination of Spier's negligence as a matter of law, independent of the jury. The question was one of fact for the jury. (*Verlaque* v. *Weldon*, 5 A D 2d 809, affd. 5 N Y 2d 816; *Giardina* v. *Garnerville Holding Corp.*, 265 App. Div. 1004; *White* v. *Leary*, 7 A D 2d 807; *Spinelli* v. *Licorich*, 24 A D 2d 172.) Similarly, the judgment entered on the verdict of the jury in Action No. 4 in favor of Spier as defendant is sustained. Here too, the respective alleged negligence of the parties was one of fact for the jury, and the jury verdict in Spier's favor cannot be disturbed if it is sustainable under any fair consideration of the evidence. (*Altman* v. *Central N. Y. Bldg. Corp.*, 201 Misc. 27, affd. 207 Misc. 31; *Hilts* v. *Winkler*, 29 A D 2d 822; *Reid* v. *Haynes*, 276 App. Div. 977.) In this case, on this record, there is ample evidence to support the jury's verdict. Concur — Stevens, P. J., Capozzoli, Tilzer, McGivern and Steuer, JJ.