RICHARD T. BARBER, Respondent, v. NATIONAL OIL AND SUPPLY COMPANY and Another, Appellants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

JOSEPH CAMINITI, Appellant, v. MATTHEWS CONSTRUCTION CO., INC., and Another, Respondents.— Judgment dismissing plaintiff's complaint reversed on the law and the facts and a new trial granted, costs to appellant to abide the event. We are of opinion that plaintiff established a *prima facie* case of negligence against both defendants, the proof showing that the falling object came from above where plaintiff was working and where alone the employees of defendant Lieder Construction Co., Inc., were engaged, and that the spaces on all of the floors above the sixth floor to the tenth, where the iron workers were engaged, were open and unprotected in violation of the Labor Law (§ 241, subd. 4) and section 195 of the Building Code of the city of New York, the duty of seeing that such protection was afforded being upon the general contractor, defendant Matthews Construction Co., Inc. We are of the further opinion that despite the fact that plaintiff appeared to have had some prior accidents of a character similar to the one now complained of, the question of his credibility and the extent of his injury, if any, was one of fact and not of law. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

SALVATORE CARVELLI and Others, Respondents, Appellants, v. SHELDON FOSTER SUPPLY CO., INC., Appellant, Respondent.— Order adjudging defendant in contempt and fixing the fine at $250 affirmed, without costs. No opinion. Young, Hagarty, Carswell, Scudder and Davis, JJ., concur.

MARGARET CAVANAGH, Appellant, v. EMMET CAVANAGH, Respondent.— Judgment in so far as appealed from modified by increasing the alimony to fifteen dollars per week, and as so modified unanimously affirmed, without costs. No opinion. Conclusion of law numbered 2 is modified accordingly. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

ISABEL McBANE FLECK, Also Known as ISABEL B. McBANE, Plaintiff, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1, OF THE TOWN OF PELHAM, Defendant.— On the submission of the controversy under sections 546 to 548 of the Civil Practice Act, judgment is unanimously directed for plaintiff for the sum of $212.65, with interest from February 28, 1933, and with costs, on authority of *Jones* v. *Board of Education* (242 App. Div. 17), decided herewith. The only differences between the facts in the *Jones Case* (*supra*) and in this case are that here plaintiff resided in the borough of Manhattan, city of New York; that she had no bank account; that her husband had an account in the Corn Exchange Bank Trust Company, New York city (borough of Manhattan); that plaintiff indorsed the check to her husband on the evening of February 28, 1933, and her husband deposited it with the Corn Exchange Bank Trust Company on the morning of March 1, 1933. The latter bank proceeded to put through the said check for collection in the ordinary course of business by sending it by messenger, together with other out of town checks, to the Federal Reserve Bank of New York; and on March 2, 1933, the Federal Reserve Bank of New York indorsed the check and forwarded it by mail on March 2, 1933, to the Pelham National Bank, where it was received on March 3, 1933. These differences in facts are not of substance and, therefore, the rules stated in the *Jones* case are applicable. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ.