Dolores Miller, Appellant, *v.* National Bread Company, Respondent.

Fourth Department, March 11, 1936.

*William L. Clay,* for the appellant.

*Clarence W. McKay,* for the respondent.

Per Curiam. There is evidence on the part of Dolores Miller and Joseph Scarlata, a chemist, to the effect that, besides the lump of mineral wool found between the slices of bread on Saturday morning, strands of iron ran through the entire portion of the loaf remaining after the four slices had been eaten by the plaintiff and her companion on the previous Friday. The chemist testified that he extracted some of these strands by means of tweezers. We think that the jury might properly draw the inference that this foreign substance extended into and ran through the pieces consumed by the plaintiff and her companion. If such were the case, it is difficult to see how it could have become embedded in the bread, except in the process of manufacture, and under such circumstances a *prima facie* case of negligence has been made out against defendant, and it is called upon to explain the presence of this foreign substance in its product. The evidence relating to the presence of

the strands of iron through the loaf differs from that in the case of *Wisniewski* v. *Mykytyn* (246 App. Div. 570). Of course the defendant can only be held responsible for the natural and proximate consequences of its negligent act, and not for injuries occasioned by reason of some intervening outside cause. Such question is usually one of fact for a jury, and in the instant case should, we think, be determined by that body. We are not concerned upon this appeal with the extent of plaintiff's injuries   There is evidence from which a jury could properly say that the nausea suffered by the plaintiff soon after eating this bread was occasioned by the foreign substance therein contained. How much of her subsequent trouble was attributable to the consumption of the bread on the day it was eaten, is a question for the jury, under proper instructions by the court.

All concur, except THOMPSON, J., who dissents and votes for affirmance. Present — TAYLOR, EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.