THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT HOWELL, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of the crimes of endangering the morals of a minor and assault in the third degree, and order denying motion for arrest of judgment and for a new trial, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH ROMANELLI, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of a violation of section 986 of the Penal Law, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

QUALITY ART NOVELTY Co., INC., Respondent, v. ALPHA PUBLISHING Co., LTD., Appellant.— Order denying defendant's motion to dismiss the complaint on the ground of lack of jurisdiction, and order denying defendant's motion for an order granting letters rogatory, affirmed, with ten dollars costs and disbursements; one bill of costs. Defendant may serve its answer within ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Davis and Adel, JJ., concur; Johnston and Close, JJ., dissent and vote for reversal on authority of Rosenberg Co. v. Curtis Brown Co. (260 U. S. 516).

SALLY RINGEL and SAM RINGEL, Respondents, v. PEARL JAFFE, Appellant.— In an action brought by the plaintiffs, here respondents, against the defendant, here appellant, for damages for personal injuries and for damages for loss of wife's services respectively, judgment in favor of the plaintiffs, entered upon a verdict of a jury, unanimously affirmed, with costs. (Geiger v. Voorhees, 253 App. Div. 741.)  Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ.

KATHERINE SADRAKULA, as Administratrix, etc., of NICHOLAS SADRAKULA, Deceased, Respondent, v. JAMES STEWART & Co., INC., Appellant.— Action for damages for the death of plaintiff's decedent as a consequence of a violation by defendant of section 241, subdivision 4, of the Labor Law, in the course of the erection of a Federal post office building. Judgment for the plaintiff unanimously affirmed, with costs. (a) The evidence adequately established that the proximate cause of the decedent's death was defendant's failure to plank over the steel beams in the western area of the " bay " as required by section 241, subdivision 4, of the Labor Law. (b) The Labor Law provision was in effect at the place of the accident because that statute was enacted prior to the acquisition of the property by the Federal government. The common law and statutes in effect before the act of cession remain in force until displaced by Congress. ( Kaufman v. Hopper, 220 N. Y. 184, 187, and cases cited therein.) There has been no action by Congress displacing the Labor Law in respect of this Federal reservation. Such Federal action as has taken place is confirmatory of plaintiff's right to invoke the applicable State statutes. (45 U. S. Stat. at Large, 54, chap. 15; U. S. Code, tit. 16, § 457.) Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ.