MAX WOLINETZ, Respondent-Appellant, v. WILLIAM TREIB, INC., Appellant, and MIMI GIGLIANO, Respondent.— Action to recover damages for personal injuries sustained by plaintiff, a plumber working in a six-story building under construction, when a wooden form erected in connection with the laying of a concrete floor gave way when he stepped upon it, precipitating him from the third to the second floor. Defendant William Treib, Inc., was the general contractor; defendant Gigliano was the subcontractor doing the concrete work. Defendant William Treib, Inc., appeals from so much of the judgment as is in favor of the plaintiff against it, and dismisses its cross complaint against defendant Gigliano. Plaintiff appeals from that part of the judgment against him and in favor of defendant Gigliano. Judgment insofar as appealed from unanimously affirmed, with costs to plaintiff and to defendant Gigliano, payable by defendant William Treib, Inc. The evidence clearly established a violation of subdivision 4 of section 241 of the Labor Law by the general contractor. (*Employers' Liability A. Corp.* v. *Post & McCord*, 286 N. Y. 254; *Sadrakula* v. *Stewart & Co.*, 254 App. Div. 892, affd. 280 N. Y. 651, affd. 309 U. S. 94; *Caminiti* v. *Matthews Construction Co.*, 241 App. Div. 879.) While the question of the general contractor's common-law negligence should not have been left to the jury in the absence of any proof that the wooden form was improperly constructed or that there was any notice of the alleged defective condition, the error was harmless and, in the light of the circumstances, should be disregarded pursuant to section 106 of the Civil Practice Act. (*Drucker* v. *693 Saratoga Ave. Corp.*, 245 App. Div. 760.) The fact that the jury exonerated the defendant Gigliano, whose liability had been predicated solely upon an alleged improper construction of the wooden form and failure to provide safeguards therefor, demonstrates that the verdict against the defendant William Treib, Inc., was based upon a violation of the Labor Law. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

NATHAN ZIMTBAUM, Respondent, v. FIVE CORNER REALTY, INC., et al., Defendants, and DOROTHY KAHN, Appellant.— In an action to declare a contract for the sale of corporate real property to be void and to restrain its consummation, order denying motion to dismiss complaint for insufficiency affirmed, with ten dollars costs and disbursements. No opinion. Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.