GENORIA TREMBLEY et al., Respondents, *v.* COCA-COLA BOTTLING COMPANY, INC., Appellant.

Third Department, March 9, 1955.

*Lydon F. Maider, Wesley H. Maider* and *Hugh H. Smith* for appellant.

*Irving I. Waxman* and *Allen H. Samuels* for respondents.

IMRIE, J. This is an appeal by defendant from a judgment of Montgomery County Supreme Court and from an order denying motion to set aside the verdict and for a new trial.

Plaintiffs, husband and wife, sued to recover for injuries consequent upon the wife's drinking from a coca-cola bottle said to contain a dead mouse. She had obtained the bottle from a vending machine owned, maintained and installed by defendant in the cafeteria of Luxuray Mills at Fort Plain, New York, where she was employed. There was substantial and uncontroverted testimony of several witnesses that the mouse was discovered in the bottle after plaintiff took it from the vending machine, uncapped it, and started to drink therefrom. The joint complaint contained three causes of action. The first two, of the wife, were based on negligence and breach of warranty, respectively. The husband's derivative cause of action was based on negligence. All were submitted to the jury, which returned a verdict in favor of plaintiffs.

It is argued on this appeal that, assuming the propriety of submitting the negligence causes, the cause of action for breach of warranty was erroneously submitted, resulting in such uncertainty as to the basis of the jury's verdict that reversal is justified.

The evidence posed a jury question as to privity of contract between defendant and plaintiff wife, purchaser of the bottle. Appropriate instructions were given the jury with respect thereto. In addition, the trial court instructed the jury that the husband's claim involved the same negligence as charged by his wife and that, if the jury found her entitled to recover in negligence, it did not have to consider the question of breach of warranty.

The defense relied strongly upon testimony describing its process of washing, rinsing and filling its bottles to demonstrate that a mouse could not have been in the bottle after washing and before capping, pointing out that its machinery and procedure were in accord with standard practice of the bottling industry. Proof of adherence to common or standard practice is admissible for what it may be worth in view of all the circum-

stances of a particular case, but it is not necessarily conclusive on the test of negligence. (*Saglimbeni* v. *West End Brewing Co.*, 274 App. Div. 201, affd. 298 N. Y. 875.) Granting the intrinsic efficacy of the procedure described, the jury could find that the single inspection of bottles at the conclusion of the washing process and prior to filling did not eliminate the possibility of human or mechanical failure in the discovery of foreign substances. There was no basis in the proof for the suggestion that the bottle in question had been tampered with after capping and sealing.

The issue of defendant's negligence was clearly for the jury. Under the circumstances, the verdict for both parties appears to demonstrate the finding of negligence. Even had there been error in submitting the breach of warranty cause, it was harmless and to be disregarded under section 106 of the Civil Practice Act. (*Wolinetz* v. *William Treib, Inc.*, 269 App. Div. 679, motion for leave to appeal denied 294 N. Y. 647.)

We have considered all of the points raised and are of the opinion that the verdict and judgment were proper.

The order and judgment should be affirmed, with costs.

FOSTER, P. J., BERGAN, COON and ZELLER, JJ., concur.

Order and judgment affirmed, with costs.