Vincent D. Damiani, J.
In this so-called “ foreign substance ” case the jury rendered a unanimous verdict for $1,000 in favor of plaintiff against the defendant Wagner Baking Corporation (hereinafter referred to as “Wagner”). At the commencement of the trial, the action was discontinued against the defendant Norjean Luncheonette.
This is a motion by Wagner for judgment notwithstanding the verdict on which the court reserved decision at the conclusion of the trial.
The evidence adduced on the plaintiff’s case at the trial established the following facts: On September 17, 1954, plaintiff was employed as a counterman by Norjean Luncheonette. Sometime after 10:00 a.m. on that day a driver in the employ of Wagner delivered three or four pies to the luncheonette. Bach pie was in a pie plate and covered by another pie plate. One of these pies was a whole huckleberry pie with an “ even crust,” and plaintiff testified he “ could not see through it.” The pies were purchased and paid for by the luncheonette.
The plaintiff uncovered the pies and sliced through each pie with a knife, thus, cutting them into portions, but leaving each pie in its original pie plate. He then placed the pies in a closed glass case on the counter. Three other employees were working in the luncheonette at the time and had access to the glass case.
At about 11:45 a.m. the plaintiff prepared his own lunch. He first ate a roast beef sandwich with a cup of coffee. Then he took the first slice from the huckleberry pie and placed it on a separate plate. He began to eat the pie with a fork and on the second bite bit into a black stone approximately one-half inch in diameter, breaking one front tooth and causing a second front tooth to fall out.
Subsequently, plaintiff received dental care and treatment including the extraction of the remaining portion of his two front teeth and the installation of a temporary and later a permanent bridge. The fair and reasonable value of this dental work was $300.
The defendant Wagner offered no proof and rested at the end of plaintiff’s case.
On defendant Wagner’s motion the court dismissed plaintiff’s alleged cause of action for breach of warranty against Wagner on the ground that (1) the complaint could not be construed to allege a cause of action for breach of warranty against Wagner, and (2) even if so construed, it nevertheless had to be dismissed on the authority of Chysky v. Drake Bros. Co. (235 N. Y. 468) and Bourcheix v. Willow Brook Dairy (268 N. Y. 1) *842 because there was no privity of contract between the plaintiff, an employee of the purchaser, and the vendor Wagner.
Consequently, only plaintiff’s cause of action for negligence on the part of the defendant Wagner was submitted to the jury. In response to a question from the jury, the court charged in substance that the burden of proof of negligence was on the plaintiff and that if the jury found by a fair preponderance of the evidence that the pie when eaten by the plaintiff was in the same condition as when it was delivered by the defendant, then the plaintiff had made out a prima facie case, and under the circumstances of this case the jury could infer negligence on the part of the defendant from the presence of the stone in the pie.
On this motion for judgment, notwithstanding the verdict, the defendant Wagner contends in its brief that “plaintiff failed to exclude the possibility that the presence of stone was due to negligence of other than the defendant Wagner ” and that “ no inference of negligence on the part of defendant Wagner should be drawn in this case, under the rule in ‘ foreign substance in food ’ cases in New York.”
In the recent case of Markel v. Spencer (5 A D 2d 400 [4th Dept., 1958]) the court said (pp. 406-407): “ It is settled, according to the overwhelming weight of authority, that a prima facie case of negligence is made out against the manufacturer of the product merely upon proof of the presence of the foreign substance, if it appears that the product had been sold in a sealed package or container or that other circumstances were present which made it reasonable to infer that the foreign substance had gotten into the product during the process of manufacture. Miller v. National Bread Co. (247 App. Div. 88) a decision of this court, is typical of this line of cases. The court said with respect to foreign material found in a loaf of , bread that‘ it is difficult to see how it could have become embedded in the bread, except in the process of manufacture, and under such circumstances a prima facie case of negligence has been made out against defendant, and it is called upon to explain the presence of this foreign substance in its product ’. (See, also, Trembley v. Coca-Cola Bottling Co., 285 App. Div. 539, and cases collected in Ann. 52 A. L. R. 2d 117, 129 and Ann. 4 A. L. R. 1559, supplemented in Ann. 47 A. L. R. 148 and Ann. 105 A. L. R. 1039.) ” (Emphasis supplied.)
Accordingly, the courts of this State have frequently held in cases where foreign substances were found embedded in baked products that the fact that the bread, cake or pie was wrapped or sealed or that the crust was unbroken, was sufficient to warrant an inference of negligence on the part of the baker. *843 (Miller v. National Bread Co., 247 App. Div. 88 [4th Dept., 1936] [mineral wool running through loaf of bread]; Carroll v. New York Pie Baking Co., 215 App. Div. 240 [2d Dept., 1926] [cockroaches in pie]; Ternay v. Ward Baking Co., 167 N. Y. S. 562 [App. Term, 1st Dept., 1917] [glass particles in lower crust of loaf of bread]; Cohen v. Dugan Bros., 132 Misc. 896 [Sup. Ct., Bronx, 1928], revd. 227 App. Div. 714 [1st Dept., 1929] [nail in bread]; Tyrrell v. Lay, 195 Misc. 403 [City Ct., Richmond, 1949], mod. 197 Misc. 858 [App. Term, 2d Dept., 1950] [piece of wire in bread]; Weiner v. Mager & Throne, Inc., 167 Misc. 338 [Mun. Ct., N. Y., 1938] [dead worms in bread]; Freeman v. Schultz Bread Co., 100 Misc. 528 [Mun. Ct., N. Y., 1916] [nail in bread].)
While it is true that in the instant case the pie was unwrapped and out of the defendant’s control for a short period of time and that the crust had been sliced through with a knife, nevertheless, it is my opinion that under all the circumstances of this case an issue of fact as to defendant’s negligence was presented for the jury. The pie left the control of the defendant less than one and three-quarter hours prior to the accident. During this brief interval of time only three other employees had access to the pie which was in a closed glass case. The pie crust was unbroken prior to its consumption except for the cuts made in slicing it with a knife. The foreign substance which caused the injury was a black, irregularly-shaped stone approximately one-half inch in diameter, which the jury could reasonably infer could not have entered the pie through the narrow slits made by cutting the pie with a knife. Further, the stone was not such a foreign substance as might ordinarily be found in a luncheonette, as, for example, a chip of crockery or glass.
From these facts, the jury could reasonably find, as it did that the pie was in the same condition at the time of its consumption as when it left the defendant’s control approximately one and three-quarter hours earlier, and that the plaintiff’s proof excluded any reasonable possibility that the stone in some manner might have fallen into the pie after it was delivered.
Defendant places considerable emphasis on the fact that the pie was unwrapped. However, as stated in Weiner v. Mager & Throne, Inc. (167 Misc. 338, 340, supra), this is only one fact to be considered by the jury in determining whether the stone was in the pie before its delivery by the defendant. (See Ternay v. Ward Baking Co., 167 N. Y. S. 562, 563, supra.)
The ease of De Luccio v. Wagner Baking Corp. (201 Misc. 984 [App. Term, 2d Dept., 1952]) cited by defendant is distinguishable. There the court pointed out that “ the position *844 of the nail indicated that it might have been introduced any time after the pie was baked ”, and that the “ pie had passed through the hands of two distributors besides the defendant before it reached plaintiff’s employer who served the pie.”
Here, because of the short lapse of time between the delivery and consumption of the pie, the limited opportunity thereafter presented to others to have access to it, the size and nature of the foreign substance found in the pie and the relatively unbroken condition of the crust prior to the accident, it is my opinion that a question of fact as to defendant’s negligence was presented for the jury. It is also my opinion that the evidence was sufficient to sustain the jury’s verdict, particularly in view of defendant’s failure to come forward with proof on its own behalf.
Accordingly, the motion is in all respects denied, and the clerk is directed to enter judgment on the jury’s verdict.