JOHN MITCHELL, Appellant, v. COCA-COLA BOTTLING CO., Respondent. JOHN MITCHELL, as Guardian ad Litem of ELIZABETH MITCHELL, an Infant, Appellant, v. COCA-COLA BOTTLING Co., Respondent.— Appeal from a judgment of the Rensselaer County Court which reversed a judgment of the Troy City Court for the appellants in the amount of $255. These actions were brought for damages sustained as a result of the infant appellant drinking some Coca-Cola containing a foreign substance and were tried before the Troy City Court sitting without a jury. Evidence was produced from which it could be found that the infant opened a bottle of Coca-Cola, drank some, felt something in her throat which she pulled out and which was some kind of insect. She vomited then and again a half hour later, was examined by a doctor and remained in bed for two days. There was some foreign substance in at least one of the bottles remaining in the carton from which the above bottle was taken. The appellants introduced no medical testimony and the respondent produced testimony indicating the procedure followed and the care used in its bottling process. The trial court found that the infant appellant was made ill by drinking the soft drink and that the respondent had been negligent in manufacturing it. The Rensselaer County Court reversed the judgment and dismissed the complaint basing its decision on the lack of medical testimony connecting the illness to the foreign substance in the soft drink. When the results of an alleged act of negligence are such that they are within the experience and observation of an ordinary layman, a jury or a court sitting as the trier of the facts can draw a conclusion as to causal relationship without the necessity of expert medical testimony (*Meiselman* v. *Crown Hgts. Hosp.,* 285 N. Y. 389; *Shaw* v. *Taque,* 257 N. Y. 193). Such is the case here where the resulting illness was simply nausea which followed upon the

drinking of soft drink containing an insect which is certainly a revolting foreign substance. The respondent also raises the question of whether any negligence was established. In circumstances such as are presented here a prima facie case of negligence is made out against the bottler and the question of its negligence is one of fact. This court so held in *Trembley* v. *Coca-Cola Bottling Co.* (285 App. Div. 539) and the trial court here could properly make a finding of negligence (cf. *Markel* v. *Spencer*, 5 A D 2d 400, 406, affd. 5 N Y 2d 958). Order and judgment of the Rensselaer County Court reversed on the law and facts and the judgment of the Troy City Court reinstated, with costs to the appellants. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.